UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS, | 1:08-CV-00689-OWW-DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL |
| v. | (ECF NO. 27) |
| GARCIA, et al., | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO DISCOVERY CUT-OFF DATE |
| Defendants. | |
| / | (ECF NO. 32) |

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Bonilla and M. Garcia for violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed January 19, 2010, and Plaintiff's motion to extend the discovery cut-off date, filed March 9, 2010. Defendant Bonilla filed an opposition to the motion to compel on February 9, 2010.

I.  **Motion To Compel**

Plaintiff moves to compel Defendant Bonilla to serve responses to Plaintiff's First Set of Admission and answers to the interrogatories related to the admissions, further response to Interrogatories 9, 10, 22, and 35, and production of all medical records related to the October 5, 2006 incident.

Defendant's counsel discovered that the admission responses were inadvertently not timely served. (Def.'s Opp'n, Constance Picciano Decl. ¶ 5.) The admission responses were served February 8, 2010. (*Id.* ¶ 6.) It appears that Defendant intended to respond to Plaintiff's request for admissions in a timely manner, but through inadvertence, failed to do so. However, Rule 36 is self effectuating

> 3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed.R.Civ.P. 36.

Defendants may move for relief pursuant to Rule 36(b)

> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed.R.Civ.P. 36(b).

**B.     Interrogatories**

Plaintiff links Interrogatories Nos. 1-4 to Request For Admission No. 1, Interrogatories Nos. 5-7 to Request For Admission No. 2, and Interrogatories Nos. 17-19 to Request for Admission No. 3. The Court will not require Defendant to respond to interrogatories that are linked to requests for admission which have been deemed admitted.

If Plaintiff still desires further responses to these interrogatories he may re-drafts the interrogatories and removing references to requests for admission, and ask direct questions without reference to Plaintiff's version of events on October 5, 2006. Accordingly, Plaintiff's motion to compel further response to these interrogatories is moot.

<u>Interrogatory No. 9</u>:     Identify and attach copies of each and every inmate complaint from 2000 to date, alleging the excessive or unreasonable use of force by officer Bonilla.

<u>Interrogatory No. 10</u>:     Identify and attach copies of all records relating to the investigation of

2

each complaint described in interrogatory no. 9 herein, statements of witnesses and participants, conclusion of investigations and supervisors, and the dispositions of each complaint.

Interrogatory No. 22:   Identify and attach the copies of all internal investigation materials concerning any duty or off duty actions of officer Bonilla at any time preceeding or subsequent to the INCIDENT, whether contained in internal affairs investigation materials or otherwise, and whether determined to be "unfounded" or otherwise.

Def.'s Responses:   Defendant objects to this interrogatory on the grounds that it is a request for production of documents, for which Plaintiff must make a separate request, is over broad, burdensome, requests documents protected by California privacy laws, and requests documents which are not reasonably calculated to lead to the discovery of admissible evidence. Not waiving objections, records of staff complaints are retained for five years. *See* Attachment 1, Privilege Log.

It appears that Plaintiff is requesting production of documents via Interrogatories Nos. 9, 10, and 22. An interrogatory may be used to inquire about a document. Defendant may choose to answer an interrogatory with a business record, for example. Fed. R. Civ. P. 33(d). Here, Defendant did answer the interrogatory by identifying one staff complaint by an inmate who alleged excessive force during an escort in 2007. Defendant states that Plaintiff has also submitted a separate Request For Production of Documents.

It is unclear what Plaintiff seeks that would be reasonably calculated to lead to the discovery of admissible evidence, as the staff complaint listed by Defendant involves allegations against Defendant in an unrelated incident. Without explanation from Plaintiff, the Court will deny Plaintiff's motion to compel further response to Interrogatories Nos. 9, 10, and 22.

Interrogatory No. 25:   State the name and address or otherwise identify and locate any person who, to you or your attorney's knowledge, claims to know of facts relevant to the conduct described in these interrogatories.

Def.'s Response:   Defendant objects to this interrogatory on the grounds that it is duplicative. Not waiving objections, Officer M. Garcia, I have no knowledge of his present whereabouts.

The Court will not compel further response to this interrogatory. Defendant has answered by naming Defendant Garcia. Defendant does not have further knowledge of Defendant Garcia's whereabouts.

3

   C. **Request For Production Of Documents**

Plaintiff requests the production of all of Plaintiff's medical records in regards to the alleged October 5, 2006 incident in Kern Valley State Prison, including any records related to his seeking medical attention after the fact. (Mot. Compel 4.) Plaintiff claims to have received one document related to this. Defendant served Plaintiff with medical records from April 2006 to April 2007 relating to the incident, including the 7219 form. (Def.'s Opp'n, Ex. C.)

Plaintiff's request to compel further response is denied. Defendant appears to have fully responded to Plaintiff's request.

**II.** **Motion For Extension Of Discovery Cut-off Date**

On March 9, 2010, Plaintiff filed a motion requesting an extension of the discovery cut-off date. Plaintiff contends he was in lockdown for several months, impeding his ability to conduct discovery. The Court, finding good cause, will grant Plaintiffs' motion and extend the discovery cut-off date. The Court sets the following schedule: the discovery cut-off date is extended for sixty (60) days from the date of service of this order; a party is to serve discovery requests on the other party within thirty days; responding party is to serve responses within thirty days from the date of service of the discovery request; and motions to compel, if any must be filed by the discovery cut-off date.

**III.** **Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

  1. Plaintiff's motion to compel, filed January 19, 2010, is DENIED;

  2. Plaintiff's motion for extension of time to the discovery cut-off date, filed March 9, 2010, is GRANTED;

  3. Discovery cut-off date is extended to sixty (60) days from the date of service of this order;

  4. Party is to serve discovery requests on the other party within thirty days;

///

///

///

4

5.     Responding party is to serve responses within thirty days from the date of service of the discovery requests; and

6.     Motions to compel, if any, must be filed by the discovery cut-off date.

IT IS SO ORDERED.

Dated:   **August 3, 2010**                              **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE