# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>GARCIA, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-CV-00689-OWW-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(DOC. 47)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Order**

**I.    Background**

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Bonilla and Garcia.  On November 4, 2010, Plaintiff filed a motion for summary judgment against Defendants.[1]  Pl.'s Mot. Summ. J., Doc. 47.  On January 13, 2011, Defendant Bonilla filed an opposition. Def.'s Opp'n, Doc. 58.  Plaintiff filed his reply on January 31, 2011.  Pl.'s Reply, Doc. 61.  By this order, the Court will address two issues regarding Plaintiff's motion for summary judgment: 1) timeliness of the motion and 2) compliance with the Local Rules regarding the Statement of Undisputed Facts.

///

---

[1] At the time that Plaintiff filed his motion, only Defendant Bonilla had appeared in the action.

1

## II. Timeliness Of Motion

Defendant Bonilla contends that Plaintiff's motion is untimely. Def.'s Opp'n 2:4-15, Doc. 58. Pursuant to the Court's July 6, 2009 Discovery and Scheduling Order, dispositive motions were due by May 17, 2010. *See* Discovery And Scheduling Order, Doc. 11.

Plaintiff contends that his motion for summary judgment is not untimely, as he filed a motion for extension of time as to both the discovery cut-off date and dispositive motion deadline on March 9, 2010, before both deadlines had expired. *See* Pl.'s Mot., Doc. 32; Pl.'s Reply 3-5, Doc. 61.

The Court had adjudicated Plaintiff's March 9, 2010 motion on August 3, 2010. Order, Doc. 41. While that order granted Plaintiff's request to extend the discovery cut-off date[2], it did not address Plaintiff's request to extend the dispositive motion deadline, as such request was not explicit in the caption of the motion. Plaintiff filed his motion for summary judgment within one month after the discovery cut-off date. In the interest of justice, the Court will deem Plaintiff's motion for summary judgment timely filed against Defendant Bonilla.

## III. Local Rules Regarding Motions For Summary Judgment

Defendant contends that Plaintiff's statement of facts is at times rambling and incoherent, and that Plaintiff fails to enumerate discretely each specific material fact relied upon in support of his motion. Defendant also contends that Plaintiff lists facts that are not material to this action. Defendant moves for denial of Plaintiff's motion on this ground. In the alternative, Defendant requests that Plaintiff be ordered to file a proper Statement of Undisputed Facts.

Pursuant to Local Rule 260(a),

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

///

---

[2] The discovery cut off date was set to October 6, 2010.

1    An examination of Plaintiff's statement of facts indicates that Plaintiff does not provide
2 the particular citation to the document relied upon to establish the facts.  Thus, for example, if
3 citing to his complaint, Plaintiff may not simply refer to his complaint generally, but must also
4 provide citation to a particular page number as well.  Plaintiff will be ordered to file an amended
5 Statement of Undisputed Facts, in compliance with Local Rule 260(a).  Defendant will be
6 provided an opportunity to file an amended opposition, and Plaintiff will be provided an
7 opportunity to file an amended reply.  If Plaintiff does not file a Statement of Undisputed Facts,
8 the Court will deem such non-compliance as a waiver, and will recommend dismissal of
9 Plaintiff's motion.

10 **IV.    Conclusion And Order**

11    Based on the foregoing, it is HEREBY ORDERED that

12    1.    Plaintiff is to file an amended statement of undisputed facts in compliance with
13        Local Rule 260(a), within thirty (30) days from the date of service of this order;
14    2.    Non-compliance will result in a recommendation of dismissal of Plaintiff's
15        motion for summary judgment;
16    3.    Defendant Bonilla may serve file an amended opposition within (30) days from
17        the date of service of Plaintiff's amended statement of undisputed facts; and
18    4.    Plaintiff may serve and file an amended reply within ten (10) days from the date
19        of service of Defendant's amended opposition.
20    IT IS SO ORDERED.
21    Dated:   **May 16, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

3