# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS, | CASE NO. 1:08-CV-00689-LJO-DLB PC |
| Plaintiff, | ORDER DISREGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE |
| v. | OVERSIZED BRIEF (DOC. 49) |
| CORRECTIONAL OFFICER BONILLA, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| Defendants. | WITHOUT PREJUDICE |
| | (DOC. 47) |
| / | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**Findings And Recommendations**

### I.  Background

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Bonilla and Garcia for violation of the Eighth Amendment.  Pending before the Court is Plaintiff's motion for summary judgment, filed November 4, 2010, against Defendant Bonilla. On January 14, 2011, Defendant Bonilla filed an opposition to Plaintiff's motion, contending, *inter alia*, that Plaintiff's motion failed to comply with Local Rule 260(a), which requires a statement of undisputed facts with proper support.  On May 17, 2011, the Court agreed with Defendant Bonilla and granted Plaintiff leave to file an amended statement of facts.  On June 24,

1

2011, Plaintiff filed his amended statement of undisputed facts.  On July 25, 2011, Defendants filed a motion to dismiss Plaintiff's motion for summary judgment for his failure to comply with Local Rule 260(a).  Plaintiff filed an opposition to Defendants' motion on August 16, 2011.  Defendants filed their reply on August 25, 2011.  The matter is submitted pursuant to Local Rule 230(l).

## II.     Federal Rule of Civil Procedure 56 And Local Rule 260(a)

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."  "If a party fails to properly support an assertion of fact . . . as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact . . . or (4) issue any other appropriate order."  Fed. R. Civ. P. 56(e).

Local Rule 260(a) specifically requires that a motion for summary judgment

> shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

Plaintiff's first statement of facts was deficient in that it failed to cite to any documents relied upon to establish the fact.  The Court provided Plaintiff with the opportunity to properly support an assertion of fact accompanying his motion for summary judgment.  Defendants contend that Plaintiff's amended statement of facts continues to not comply with the Local Rules.  Defs.' Mot. 1-3, Doc. 77.  Plaintiff contends that he complied with the Local Rule as he possibly could, as Plaintiff is a layperson regarding the law.  Pl.'s Opp'n 8, Doc. 80.

The Court has reviewed Plaintiff's amended statement of facts.  Doc. 73.  Plaintiff's statement of facts are long paragraphs that contain numerous other facts, many of which may not be material to this action.  Plaintiff does not list his facts in a chronological order, rendering the statement of undisputed facts more difficult to follow.  Plaintiff cites to exhibits without any

specificity.  The Court finds that Plaintiff's amended statement of undisputed facts does not comply with the requirements of Local Rule 260(a).  Plaintiff has not complied with Local Rule 260(a), nor complied with Rule 56(c) of the Federal Rules of Civil Procedure.  The Court recommends that Plaintiff's motion for summary judgment be denied.

Because Plaintiff's motion for summary judgment will be denied, Plaintiff's motion to file an over-sized brief is disregarded.[1]

### III.  Dispositive Motion Deadline

The Court finds that in the interest of justice, Plaintiff and Defendant Bonilla should have their dispositive motion deadline extended to March 22, 2012, coinciding with the deadline set in the Discovery and Scheduling Order issued on May 13, 2011.  Thus, the denial of Plaintiff's motion for summary judgment will be without prejudice to refiling.  Plaintiff is reminded that he must comply with Local Rule 260(a) when filing a motion for summary judgment.

### IV.  Conclusion

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to file an oversized brief in support of his motion for summary judgment, filed November 4, 2010, is DENIED.

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment, filed November 4, 2010, is DENIED without prejudice for failure to comply with Local Rule 260(a) and Rule 56(c) of Federal Rules of Civil Procedure; and
2. The dispositive motion deadline for all parties is March 22, 2012.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate

---

[1] It is unclear why Plaintiff concluded that there is a page limit regarding his motion for summary judgment.

3

1 Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2011**         **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE