# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS, | CASE NO. 1:08-CV-00689-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT BONILLA'S MOTION TO SET ASIDE ADMISSIONS |
| v. | |
| BONILLA, et al., | (DOC. 78) |
| Defendants. | |

## I. Background

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Bonilla and Garcia for violation of the Eighth Amendment. Pending before the Court is Defendant Bonilla's motion to set aside his admissions, filed August 2, 2011. Doc. 78. Plaintiff filed an opposition to this motion on August 16, 2011. Doc. 81. Defendant filed a reply on August 25, 2011. Doc. 83. The matter is submitted pursuant to Local Rule 230(l).

## II. Motion

On August 3, 2010, the Court issued an order regarding Plaintiff's January 19, 2010 motion to compel. Order, Doc. 41. Plaintiff's motion was granted in part, insofar as Defendant Bonilla had failed to timely respond to Plaintiff's request for admissions and thus the admissions

1

were self-effectuating pursuant to Rule 36(a) of the Federal Rules of Civil Procedure.[1]  Order 2:1-10.  The Court informed Defendants that relief is possible pursuant to Rule 36(b).  *Id.* at 2:10-16.  Defendant Bonilla now moves to withdraw the admissions and to provide a late response.

Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure,

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Defendant contends that 1) none of Plaintiff's admissions address the core issues in this action, and 2) setting aside the admissions will promote the presentation of the case on its merits.  Def.'s Mot. 4:5-21.  Plaintiff contends that Defendant and Defendants' counsel failed to timely respond to Plaintiff's request for admissions on several occasions.  Pl.'s Opp'n.

The admissions were:

Admission No. 1:   ADMIT that while you were a correctional officer at Kern Valley State Prison on October 5, 2006 that you and officer M. Garcia slammed plaintiff down on the ground twice while he was handcuffed causing half of his skin to come off his forehead by B Facility 2 building SHU yard and a little ways from it.

Admission No. 2:   ADMIT that while you were a correctional officer at Kern Valley State Prison on October 5, 2006 you seen Plaintiff with half the skin off his forehead and some skin off of his nose and or so forth.

Admission No. 3:   ADMIT that while you were a correctional officer at Kern Valley State Prison on October 5, 2006 that you, officer M. Garcia, and officer Fernandes approached Plaintiff while he was in the B Facility clinic. At that time officer Garcia asked Plaintiff how you want to handle it. Plaintiff said you tell me officer Garcia motioned to Plaintiff's head saying for him to say he got that while trying to get up and he then wouldn't write him a bad 115 but he was going to AdSeg. At that time Plaintiff you said you slammed me. Office M. Garcia then backed up looking at prisoners in the holding cage as if he had witnesses. At this time you said you were going to say

---

[1]  The August 3, 2010 Order inadvertently stated that Plaintiff's motion to compel was denied, when it had only been denied in part.

> Plaintiff kicked you and you, Officer M. Garcia, and Officer Fernandes walked off.

Defendant has provided his late responses. Def.'s Mot. 3:11-4:3; *see* Ex. B, Doc. 29. The Court will examine each prong as it relates to the admissions.

### A. Promotion Of Presentation Of The Merits

If upholding the admission would eliminate presentation of the merits of the action, then allowing withdrawal of the admission would promote the presentation of the merits and satisfy the first prong of the test. Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Here, Plaintiff's admissions, if upheld, would indicate that Defendants used excessive force on Plaintiff. Thus, allowing the withdrawal of the admission would promote the presentation of the merits, which supports Defendant Bonilla's motion as to the first prong.

### B. Prejudice To Requesting Party

If the requesting party would be prejudiced such that he could not maintain the action on its merits, then the motion to withdraw the admission cannot be granted. Fed. R. Civ. P. 36(b). The second prong inquiry should focus on the prejudice that the non-moving party would face at trial. *Conlon*, 474 at 623. Reliance on a deemed admission in preparing a summary judgment motion, however, does not constitute prejudice. *Id.* at 624.

The Court recently denied Plaintiff's motion for summary judgment on the grounds that it failed to comply with Local Rule 260(a) and Federal Rule of Civil Procedure 56(c). Doc. 89. Plaintiff's motion relied upon the admissions from Defendant Bonilla as support. Reliance on admissions for summary judgment motions does not constitute prejudice to Plaintiff presenting the merits of his action under Rule 36(b) if those admissions are later withdrawn. Discovery remains open in this action, as the discovery cut-off date for all parties is January 13, 2012. Thus, Defendant Bonilla has also satisfied the second prong.

### III. Conclusion And Order

Defendant Bonilla has satisfied both of the required prongs for withdrawing admissions and filing untimely responses. Accordingly, the Court will grant Defendant's motion.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Bonilla's motion to set aside his admissions, filed August 2, 2011, is GRANTED;

2. Defendant Bonilla's admissions to Plaintiff's Requests for Admissions Nos. 1, 2, and 3 are withdrawn; and

3. Defendant Bonilla's untimely responses are substituted as his responses to Plaintiff's Requests For Admissions Nos. 1, 2, and 3.

IT IS SO ORDERED.

Dated:   **September 28, 2011**           /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE