# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANE-PIERRE K. THOMAS,<br><br>        Plaintiff,<br><br>  v.<br><br>BONILLA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-CV-00689-LJO-DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(DOC. 84)<br><br>DEFENDANT'S FURTHER RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants M. P. Garcia and Bonilla for violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed August 29, 2011. Pl.'s Mot. Compel, Doc. 84. Defendants filed their opposition on September 19, 2011. Defs.' Opp'n, Doc. 87. The matter is submitted pursuant to Local Rule 230(l).

**I.  Motion To Compel**

Plaintiff moves to compel further answers from Defendant Garcia to Plaintiff's interrogatories Nos. 1 through 10 in Plaintiff's first set of interrogatories. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The

responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1).

Plaintiff moves to compel answers to the following interrogatories.

Interrog. No. 1:   Were you aware that the Plaintiff had been trying to serve you this complaint for over 2 years?

Interrog. No. 2:   If your answer to Interrogatory No. 1 was yes? Then why did Plaintiff have a lot of difficulty serving you this complaint?

Interrog. No. 3:   If your answer to Interrogatory No. 1 was no? Then can you state the first time you plainly were aware that the Plaintiff was trying to serve you this complaint?

Interrog. No. 4:   Did anybody know your whereabouts the last 2 years or so as Plaintiff Jean-Pierre K. Thomas tried to serve you this civil rights action pursuant to 42 U.S.C. § 1983?

Interrog. No. 5:   Were you aware that before and on 2-28-10 a process server tried to serve you this civil rights action pursuant to 42 U.S.C. § 1983?

Defendant's responses to all five were: "Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff contends that Defendant Garcia may have attempted to avoid service of process, and that Defendant's counsel may have participated in such actions. Pl.'s Mot. Compel 3-4. Defendant's counsel denies assisting Defendant Garcia in avoiding service, and that she is under no obligation to assist Plaintiff in serving any defendants. Defs.' Opp'n 4-5.

1     Plaintiff's interrogatories Nos. 1 through 5 are irrelevant to this action. Whether or not
2 Defendant Garcia attempted to avoid service of process has no bearing on the claims at issue in
3 this action, which is whether Defendant Garcia used excessive force on Plaintiff on October 5,
4 2006 at Kern Valley State Prison.

5 <u>Interrog. No. 6</u>:     Did you resign as a correctional officer at Kern Valley State Prison in
6                          2008?
7 <u>Interrog. No. 7</u>:     If your answer to Interrogatory No. 6 was yes? Then state fully the reasons
8                          of your resignation at Kern Valley State Prison or what prompted it?
9 <u>Interrog. No. 8</u>:     If your answer to Interrogatory No. 6 was no? Are you still employed at
10                         Kern Valley State Prison and/or how long were you employed a correction
11                         officer at Kern Valley State Prison?
12 <u>Interrog. No. 9</u>:    How long were you a correctional officer for CDCR and what institutions
13                         did you work at?
14 <u>Interrog. No. 10</u>:   If your answer to No. 6 was no? Did you depart ever and/or resign as a
15                         correctional officer at Kern Valley State Prison and if so? State reasons
16                         why.

17 Defendant's responses to all five were: "Defendant objects to this request on the grounds that it is
18 not reasonably calculated to lead to the discovery of admissible evidence." For Interrogatory No.
19 8, Defendant includes, "Without waiving the objections, Defendant was employed at Kern Valley
20 State Prison at the times relevant to Plaintiff's complaint."

21     Plaintiff contends that if Defendant Garcia resigned because of the alleged excessive
22 force incident against Plaintiff, it would be relevant to this action. Pl.'s Mot. Compel 4-5.
23 Defendants do not disagree, but argue that Plaintiff did not propound that interrogatory. Defs.'
24 Opp'n 6-7. Defendant proposes providing an amended response to Interrogatory No. 9, if
25 Plaintiff serves an amended Interrogatory No. 7, asking Defendant Garcia if he resigned from
26 state service because of the events alleged in this action.

27     Interrogatory No. 6 is related to Interrogatory No. 7, and will thus be addressed together.
28 Defendants do not deny that Defendant Garcia is no longer employed by CDCR. Interrogatory

No. 10 is a combination of Interrogatories Nos. 6 and 7 and is duplicative.  As currently phrased, Interrogatories No. 6 and 7 are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.   If Defendant Garcia's reasons for resignation do not relate to this action, then they are not reasonably calculated to lead to the discovery of admissible evidence.  If Plaintiff rephrases and re-serves Interrogatory No. 7 as requested by Defendants, then it would be reasonably calculated to lead to the discovery of admissible evidence.  Interrogatory No. 8 is self-evident as to the first part because Defendant Garcia is no longer employed at Kern Valley State Prison.

      The Court finds that Interrogatory No. 9 is reasonably calculated to lead to the discovery of admissible evidence.  Defendant Garcia's employment history with CDCR is relevant to this action, as the event in question allegedly occurred while Defendant Garcia was an employee of CDCR.  An amended response to Interrogatory No. 9 would also address Plaintiff's Interrogatories Nos. 6 and 8.  Accordingly, the Court will grant Plaintiff's motion to compel answers to Interrogatories No. 9, and deny Plaintiff's motion as to Interrogatories Nos. 6, 7, 8, and 10.

## II.   Conclusion And Order

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed August 29, 2011, is GRANTED in part and denied in part as stated herein;
2. Defendants are to serve an answer to Plaintiff's Interrogatory No. 9, set one, within thirty (30) days from the date of service of this order; and
3. Plaintiff's motion is denied as to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 10.

IT IS SO ORDERED.

Dated:   **November 29, 2011**                    **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE