# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN PIERRE K. THOMAS, | CASE NO. 1:08-CV-00689-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (DOC. 92) |
| CORRECTIONAL OFFICER BONILLA, et al., | |
| Defendants. | |

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants M. P. Garcia and Bonilla for excessive force in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed October 14, 2011. Pl.'s Mot. Compel, Doc. 92. Defendants filed their opposition on December 8, 2011. Defs.' Opp'n, Doc. 98. Plaintiff filed his reply on December 22, 2011. Doc. 99.[1] The matter is submitted pursuant to Local Rule 230(l).

**I.   Motion To Compel**

    **A.   Interrogatories**

Plaintiff moves to compel further response from Defendant Garcia as to Interrogatory Nos. 3 and 9.

---

[1] Pursuant to Local Rule 230(l), Plaintiff's reply appears untimely. The Court nonetheless has considered Plaintiff's reply and finds that it does not change the analysis in this order.

1

Interrogatory No. 3:   If your response to Request for Admission No. 1, set one is anything other than an unequivocal admission, IDENTIFY all witnesses with personal knowledge of the basis of your response. (the tern "IDENTIFY" as used herein means state the name and location of employment and telephone number and or so forth.

Interrogatory No. 9:   If your response to Request for Admission No. 3, set one, is anything other than an unequivocal admission, IDENTIFY all witnesses with personal knowledge of the basis of your response.

Defendant Garcia's response to both is: "Defendant objects to this interrogatory on the grounds that it is incomprehensible."

Plaintiff contends that he requested that Defendant Garcia identify all witnesses who claim to know relevant facts regarding the incident at question, if he did not admit to Requests for Admissions Nos. 1 and 3. Pl.'s Mot. Compel 13-14. Defendant Garcia contends that the interrogatories as written are incomprehensible, because the basis of Defendant Garcia's knowledge is his personal knowledge. Def.'s Opp'n 2-3. Defendant Garcia denies slamming Plaintiff to the ground, denies Plaintiff's claimed injuries, and denies that he had any conversation with Plaintiff after he was placed in the holding cell. *Id.* Thus, Defendant Garcia contends that he cannot identify anyone with knowledge of the facts alleged by Plaintiff. *Id.* Defendant responded to Plaintiff's Requests For Admissions Nos. 1 and 3 by denying them.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b) [of the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 33(a)(2); *see also id.* 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.").

Defendant's objection amounts to a vague or ambiguous objection. The Court agrees with Defendant's objection. Plaintiff's interrogatories, as phrased, requests identification of witnesses who have personal knowledge of Defendant's personal knowledge. It appears that what Plaintiff meant to ask was the identity of any witnesses to the incident in question, which were not the interrogatories served. Accordingly, Plaintiff's motion to compel further response to Interrogatories Nos. 3 and 9 to Defendant Garcia are denied.

2

B.      **Production Of Documents**

A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

Request No. 1:      Each and every audio tape recording, including, but not limited to, correctional facility, correctional officer internal affairs, communication and dispatch tapes, and audio tapes of interviews of persons concerning the INCIDENT[2] or investigation thereof.

Defendant Garcia responded that he would make arrangements for the video recording of

---

[2] In responding, Defendants construed "Incident" to mean the events on October 5, 2006.

3

1  Plaintiff's interview concerning this incident to sent to Plaintiff's current facility of incarceration.

2  Plaintiff indicates in his reply that he is satisfied with Defendant's response. Pl.'s Reply 5.

3  Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Request

4  For Production No. 1 is denied.

5  <u>Request No. 3</u>:   Each and every statement, however recorded or memorialized, of all persons interviewed concerning the INCIDENT or the INVESTIGATION
6                of the INCIDENT.

7  Defendant Garcia responded by stating that the Rules Violation Report and Incident Report

8  concerning this incident are in Plaintiff's central file, which Plaintiff may access.

9  Plaintiff contends generally that he should have access to all discovery that appears

10 reasonably calculated to lead to the discovery of admissible evidence, and that claims of

11 confidential information are insufficient by themselves to avoid discovery. Pl.'s Mot. Compel 5-

12 6. Defendant contends that he does not have possession, custody, or control over any prison

13 documents, and that Plaintiff has not identified what other documents he believes may exist that

14 have not been produced. Def.'s Opp'n 6.

15 The Court agrees that Plaintiff has not identified any other documents that exist which

16 have not been produced. Counsel is under a continuing obligation to supplement responses to

17 requests for production of documents if additional, relevant information is discovered. Fed. R.

18 Civ. P. 26(e). Accordingly, Plaintiff's motion to compel further response from Defendant Garcia

19 to Request For Production No. 3 is denied.

20 <u>Request No. 4</u>:   Each and every correctional officer log, incident log, and any other log containing any entry relating to the INCIDENT, including, but not limited
21              to Sergeant's Logs, watch commanders' logs, detectives' logs, vehicle logs, paramedic logs, nurses' logs and physicians' logs.
22

23 <u>Response</u>:    Defendant objects to this request on the grounds that it is over-broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objections, Defendant responds as
24              follows: Defendant has been unable to identify an documents responsive to the request for logs. Medical records responsive to this request are in
25              Plaintiff's medical file, which he may review pursuant to institutional procedures.
26

27 Plaintiff contends that he is in the process of requesting his medical records. Pl.'s Reply.

28 Defendant contend that Plaintiff has access to his medical records for the medical logs, and that

4

no other documents responsive to this request were found.  Def.'s Opp'n 6; Ex. C, Am. Resp.

As Plaintiff is in the process of obtaining his medical records, the Court will not require Defendant Garcia to produce responsive documents as they can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Request For Production No. 4 is denied.

Request No. 6:  Every report or document concerning the INCIDENT that you have not produced in response to any of the preceding REQUESTS.

Response:  Defendant objects to this request on the grounds that it is not a request to produce an identifiable document, and is duplicative and therefore, burdensome and harassing.  Without waiving objections, Defendant responds as follows: Defendant has no knowledge of any other documents.

Defendant contends that Plaintiff provides no specific requests for identifiable documents in Request No. 6.  Def.'s Opp'n 7.  The Court agrees.  Plaintiff is required to identify the items requested with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A) (request "must describe with reasonable particularity each item or category of items to be inspected").  Furthermore, Defendant responded by stating that he lacked knowledge of any other documents.  Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Request For Production No. 6 is denied.

Request No. 12:  Each and every inmate complaint, from 2000 to date, alleging that officer M. P. Garcia used or misused physical force upon an inmate.

Request No. 13:  All records relating to the investigation of each complaint described in Request No. 12 herein, including, but not limited to, statements of witnesses and participants, and conclusions of investigators and supervisors and disposition of complaints.

Request No. 17:  Each and every inmate complaint from 2000 to date, alleging the excessive or unreasonable use of force by officer M. P. Garcia.

Request No. 18:  All records relating to the investigation of each complaint described in Request No. 17 herein, statements of witnesses and participants, conclusions of investigators and supervisors, and the disposition of each complaint.

Defendant Garcia responded that he had been unable to locate any documents responsive to the requests.

Plaintiff contends that Defendant Bonilla had successfully identified two excessive force

1  complaints against him, and thus Defendant Garcia should have been able to identify similar
2  complaints.  Pl.'s Mot. Compel 10-11.  Defendant contends that an amended response was
3  served on Plaintiff, which included a complaint filed against Defendant Garcia.  Def.'s Opp'n 7-
4  8; Attach. 3.  Defendant further contends that it was difficult to locate which complaints were
5  against Defendant Garcia because Kern Valley State Prison has employed several M. Garcias.
6  *Id.*

7       As stated previously, Defendants are under a continued obligation to supplement their
8  discovery responses.  Fed. R. Civ. P. 26(e).  The Court, however, will not order production of
9  additional responsive documents if none are in existence.  Accordingly, Plaintiff's motion to
10 compel further response from Defendant Garcia to Requests For Production Nos. 12, 13, 17, and
11 18 is denied.

12 Request No. 14:    All transcripts of deposition and or trial testimony of any DEFENDANT
                    of any time from 2000 to date, concerning allegations of the use of
13                  excessive force.

14 Response:          There are no documents responsive to this request.

15      Defendant Garcia contends that no such document exists.  Defendants further contend
16 that Defendant Garcia would not be responsible for costs of production.  Def.'s Opp'n 8.
17 Defendant is required to produce documents in their custody, possession, or control. Even if such
18 testimony did exist, Defendant is not required to obtain transcripts at Defendant's expense.  *See*
19 Fed. R. Civ. P. 34(a)(1) (producing party is to produce relevant documents for requesting party to
20 "inspect, copy, test, or sample").  Accordingly, Plaintiff's motion to compel further response
21 from Defendant Garcia to Request For Production No. 14 is denied.

22 Request No. 15:    All transcripts of deposition and/or trial testimony of any employee of
                    Kern Valley State Prison of any time from 2000 to date concerning
23                  allegations of failure to provide proper medical attention to an inmate.

24 Response:          Defendants objects to this request on the grounds that it is over broad,
                    burdensome, and not reasonably calculated to lead to the discovery of
25                  admissible evidence as the only claim alleged in the complaint is excessive
                    force.
26

27      Plaintiff contends that he was denied ointment for his abrasion, and thus mentioned a lack
28 of medical care.  Pl.'s Mot. Compel 6-7.  Based on Plaintiff's complaint, this action proceeds on

6

1 a claim of excessive force. Plaintiff lists two claims for relief: 1) excessive force, and 2)

2 deliberate indifference. Pl.'s Compl. 9-10, Doc. 1. However, the second claim of relief alleges a

3 violation of Plaintiff's personal safety for "intentionally, knowingly, and maliciously inflicted

4 physical abuse and humiliation on [Plaintiff] by slamming him on the ground twice while he was

5 handcuffed hitting his [sic] on the ground each time causing half the skin off his head to come

6 off." *Id.* This second claim of relief is duplicative of his first claim of relief for excessive force.

7 There is only one claim for excessive force in this action. The injuries Plaintiff allegedly

8 received goes towards the injuries from the alleged excessive force, and do not appear to be a

9 separate cause of action.[3] Thus, prior testimony for failure to provide proper medical attention to

10 an inmate does not appear reasonably calculated to lead to the discovery of admissible evidence

11 in this action, as the only claim is for excessive force. Defendant has also indicated that such

12 testimony does not exist. Def.'s Opp'n 8. Accordingly, Plaintiff's motion to compel further

13 response from Defendant Garcia to Request For Production No. 15 is denied.

14 <u>Request No. 16:</u>     The correctional officer report of each and every incident in which Officer M. P. Garcia has been involved or named from October, 2000 to date.

15

16 <u>Response:</u>          Defendants object to this interrogatory [sic] on the grounds that it is overbroad, burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and requests confidential criminal

17                          investigative reports are [sic] protected by state law.

18     Plaintiff does not directly address Defendant's objections. Defendant contends that

19 KVSP files these incident reports chronologically by incident number, and that there is not no

20 way to identify Defendant Garcia's involvement without individually examining hundreds of

21 reports. Def.'s Opp'n 9. Defendant further contends that he is not in possession of the

22 documents, and that Plaintiff has received the incident report relevant to this complaint. *Id.*

23     Plaintiff contends that objection of undue burdensomeness requires a specific detailed

24 showing. Pl.'s Reply 11-12. Plaintiff has not presented an argument as to the relevance of the

25

26

27     [3] Plaintiff complains that eleven days after the incident, doctor Akano and MTA Ethridge refused to give Plaintiff the ointment for his alleged abrasion because he did not need it. Pl.'s Mot. Compel 6-7. This is not plead in his complaint and unrelated to Plaintiff's claims against

28 Defendants Garcia and Bonilla.

7

discovery request. Prior incidents involving Defendant Garcia is too broad a request, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Request For Production No. 16 is denied.

| | |
|---|---|
| Request No. 19: | Each and every inmate, citizen or internal complaint since 2000, alleging racial or ethnic prejudice by officer M. P. Garcia, whether on duty or off-duty. |
| Request No. 20: | All records relating to the investigation of each complaint described in Request No. 19 herein, statements of witnesses and participants, conclusions of investigators and supervisors, and the disposition of each complaint. |
| Response: | Defendants objects to this request on the grounds that is not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff has not alleged an Equal Protection claim. Without waiving the objection, Defendant has been unable to locate any documents responsive to this request. |

Defendants contend that he is not litigating a claim involving racial or ethnic discrimination. Def.'s Opp'n 9. Plaintiff contends that Defendant Garcia, a Mexican American, is racist against Plaintiff, an African American, because he insulted Plaintiff's mother. Pl.'s Reply 12-13. Plaintiff contends that evidence of racism would demonstrate intent or motive for the alleged excessive force. *Id.*

Plaintiff is correct that evidence of racism by Defendant Garcia is relevant if it would demonstrate motive or intent. However, Defendant further responded that he was unable to locate any documents responsive to the request. Defendant remains under a continuing obligation to supplement his response should new information be discovered. Fed. R. Civ. P. 26(e). Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Requests For Production Nos. 19 and 20 is denied.

| | |
|---|---|
| Request No. 22: | The complaint in each and every lawsuit served on you from October 28, 2000, to date, alleging the misuse or unnecessary or unreasonable use of physical force by officer M. P. Garcia. |
| Response: | To Defendants' knowledge there are no documents responsive to this request, other than the complaint filed by Plaintiff. |

Defendant has since supplemented his response with a complaint that counsel discovered

in reviewing the Court's records.  Def.'s Opp'n, Attach. 3.  Defendant's response that he was unable to locate any other responsive documents is sufficient.  Defendant remains under a continuing obligation to supplement his response should new information be discovered.  Fed. R. Civ. P. 26(e).  Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Request For Production No. 22 is denied.

| | |
|---|---|
| Request No. 24: | Each and every study, audit, compliation, or report of statistics or date relating to correctional officer use of physical force by the correctional officers at Kern Valley State Prison. |
| Response: | Defendant objects to this request on the grounds that is over-broad, burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and requests confidential law enforcement investigative reports. |

Plaintiff does not respond to Defendant's objection.  Defendant contends that the response is overbroad and burdensome because it is not limited in time, and he makes no explanation as to how statistical reports or studies concerning the use of force will lead him to admissible evidence.  Def.'s Opp'n 10.   Based on the submitted request, there is no indication as to how it will lead to the discovery of admissible evidence here.  Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to Request For Production No. 24 is denied.

| | |
|---|---|
| Request No. 25: | All training records and evaluations of officer M. P. Garcia reflecting training and performance while in any law enforcement academy, class, or training course, or as a police officer. |
| Response: | Defendant objects to this request on the grounds that it requests confidential peace officer personnel records which are protected by state law, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the objections, there are no documents responsive to this request. |
| Request No. 26: | All 'station training/performance file' or equivalent DOCUMENTS maintained at any correctional officer agencies, relating or referring in any way to the training, counseling or evaluation of all correctional officer DEFENDANTS, including any 'counseling slips' or equivalent documents. |
| Response: | Defendant objects to this request on the grounds that it requests confidential peace officer personnel records which are protected by state law, requests documents which are no in the possession of Defendant or accessible by counsel, as to Defendant Bonilla the request is duplicative and therefore is burdensome and harassing, and the request is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the objections, there are no documents for Defendant |

1  Garcia that are responsive to this request.

2  Defendant contends that KVSP does not maintain personnel files for staff members after
3  they terminate their employment. Def.'s Opp'n 10-11. Plaintiff has also not explained what
4  evidence in the personnel records would lead to the discovery of admissible evidence. *Id.*
5  Additionally, Plaintiff's Request No. 26 is duplicative of his request to Defendant Bonilla to
6  produce personnel records. *Id.* at 11.

7  Plaintiff contends that information regarding credibility is discoverable, and burdensome
8  or expensive discovery may be required if relevant. Pl.'s Repl 14-16. Plaintiff however has not
9  addressed Defendant's contention that there are no documents responsive to this request because
10 KVSP does not maintain personnel records for staff members that have been terminated.
11 Duplicative discovery requests are also not permitted., and Plaintiff has previously requested
12 Defendant Bonilla's personnel records. Fed. R. Civ. P. 26(b)(2)(C)(i). Defendant remains under
13 a continuing obligation to supplement his response should new information be discovered. *Id.*
14 26(e). Accordingly, Plaintiff's motion to compel further response from Defendant Garcia to
15 Request For Production Nos. 25 and 26 is denied.

16 **II.    Conclusion And Order**

17 Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel,
18 filed October 14, 2011, is denied.

19 IT IS SO ORDERED.

20 Dated:   **January 12, 2012**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE