# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER GARCIA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00689-LJO-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(DOC. 100)<br><br>DEFENDANTS FURTHER RESPONSE DUE WITHIN THIRTY DAYS |

　　　Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants M. P. Garcia and Bonilla for excessive force in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed December 30, 2011. Pl.'s Mot. Compel, Doc. 100. Defendants filed their opposition on January 18, 2012. Doc. 103. Plaintiff filed his reply on February 1, 2012. Doc. 105. The matter is submitted pursuant to Local Rule 230(l).

　　　Plaintiff moves to compel further response to his Request For Production of Documents No. 1, from the second set of requests served on Defendant Garcia.

**Request No. 1:**　　The full protocol this is supposed to happen after a "INCIDENT" like the "INCIDENT" that happened on Oct. 5, 2006 at Kern Valley State Prison with the Plaintiff.

**Response:**　　Defendant objects to this request on the grounds that it is incomprehensible.

　　　In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a).

1

1  Responses must either state that inspection and related activities will be permitted as requested,
2  or state an objection, including the reasons. *Id.* 34(b)(2)(B).
3      Actual possession, custody or control is not required.. "A party may be ordered to
4  produce a document in the possession of a non-party entity if that party has a legal right to obtain
5  the document or has control over the entity who is in possession of the document. *Soto v. City of*
6  *Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*,
7  2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal
8  citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

16 Such documents also include documents under the control of the party's attorney. *Meeks v.*
17 *Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009)
18 (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210,
19 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his
20 attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill.
21 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or
22 component thereof shall be released to any agency or person outside the department, except for
23 private attorneys hired to represent the department, the office of the attorney general, the Board
24 of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").
25     Plaintiff contends that he sent several letters to meet and confer regarding this matter with
26 Defendants' counsel. Pl.'s Mot. Compel 3-4. Plaintiff explains that he seeks a policy regarding
27 whether photographs of Plaintiff should have been taken following the use of force incident,
28 because Defendants have minimized the extent of his injuries. *Id.* at 4-5. Plaintiff contends that

because Defendants argue that the video will confirm Defendants' position, Defendants should produce protocol during such use of force incidents to determine whether a photograph should be taken. *Id.*

Defendants contend that in light of Plaintiff's explanation, their objection is that the request is not relevant and not likely to lead to the discovery of admissible evidence. Defs.' Opp'n 3:3-4:10. Defendants contend that they have referred Plaintiff to the applicable sections in the Department Operations Manual ("DOM"), concerning "Peace Officer Authority," "Use of Force," and "Incident Reports." *Id.* Plaintiff contends that the policy or procedures following an excessive force incident are relevant. If it is required to take photographs after a use of force, and Defendants did not, Plaintiff contends such failure may be indicative of Defendants' motive to cover-up their actions. Pl.'s Reply 6. Plaintiff contends that he cannot find any policy that authorizes a video of Plaintiff, but not a photograph. *Id.*

Plaintiff was not clear in his Request For Production of Documents. Defendants did respond by referring Plaintiff to relevant articles in the DOM pertaining to excessive or unnecessary use of force. It is unclear whether any other policy exists regarding photographing an inmate's alleged injuries following a use of force incident. If such policies do exist, then it would be relevant to this action for purposes of discovery. Fed. R. Civ. P. 26(b)(1) ("Relevant discovery need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

It is HEREBY ORDERED that Plaintiff's motion to compel, filed December 30, 2011, is granted. Defendants are to serve further response to Plaintiff's Request For Production of Documents No.1, Set Two, within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **March 15, 2012**              /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE