# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>M. GARCIA, et. al,<br><br>    Defendants. | Case No.: 1:08-cv-00689 JLT (PC)<br><br>ORDER DENYING REQUEST NOT TO BE SHACKLED DURING TRIAL AND GRANTING REQUEST TO WEAR STREET CLOTHES AT TRIAL<br>(Doc. 136)<br><br>ORDER DENYING REQUEST FOR AN ORDER TO CORRESPOND WITH INMATE-WITNESSES<br>(Doc. 139)<br><br>ORDER DISREGARDING LETTER<br>(Doc. 142) |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions filed by Plaintiff related to his trial.

**I.  Request to be unshackled and to wear street clothes at trial**

On January 2, 2013, Plaintiff filed a motion requesting that he not be shackled during his trial on this civil rights claim. (Doc. 136) Presumably Plaintiff is concerned that jurors will be aware that he is in custody and he will suffer prejudice thereby.

Notably, Plaintiff's claim stems from a claim that he suffered excessive force while housed at Kern Valley State Prison. (Doc. 1) Indeed, his claim is based upon the Eighth Amendment which

1

applies only to convicted inmates and which will require him to prove he was in prison at the time of the events at issue. (Doc. 5)

On the other hand, the Court will make efforts at trial to disguise the fact that Plaintiff is now in custody.  For example, counsel will be required to remain seated so that Plaintiff's inability to stand—due to his shackles—will not be noted as unusual.  Also, he will only be moved in and out of the courtroom when the jury is not present so that the jurors will not see his shackles.

Moreover, Plaintiff offers no authority or justification explaining why he should not be shackled during trial and the Court will not second-guess prison officials' determination in this regard.  Thus, the request is **DENIED**.

However, Plaintiff will be allowed to wear street clothes during the trial if they are provided to the US Marshal Service in advance of trial.  It is Plaintiff's sole responsibility to ensure that clothes are provided in accordance with the requirements of the CDCR and the US Marshal Service. Thus, to this extent, the request is **GRANTED**.

## II.     Motion to correspond with inmate-witnesses

Plaintiff seeks an order permitting him to correspond with inmates Michael Key, Frank Ward[1], Lovoyne Macon, Damion Moore and Dewayne Thedford.  (Doc. 139 at 1)  He asserts that he has requested through his correctional counselor, to be allowed to have this correspondence but his requests have been denied.  Id.

Review of the documents attached to the motion reveals that Plaintiff did not complete the process required by the California Code of Regulations.  (Doc. 139 at 8)  On December 16, 2012, Plaintiff made a request to his counselor to have the correspondence with the inmates.  Id.  The request was denied because Plaintiff failed to provide a "request for correspondence" form for each inmate with which he wished to correspond.  Id.  He failed to do this.

Interestingly, on August 4, 2010, he was approved to correspond with Michael Key.  (Doc. 139 at 18) Indeed, Plaintiff *has* corresponded with Key and *has* received a declaration from him.  (Doc. 118 at 4) However, his request as to Dewayne Thedford and Lovoyne Macon made on May 28, 2010,

---

[1] Notably, the CDCR Inmate Locator does not have an inmate listed by the name "Frank Ward" nor an inmate associated with the CDCR number provided by Plaintiff. Thus, the request to correspond with this person is **DENIED.**

was denied because the inmates were not relatives. Id. at 19, 20.  On these forms, Plaintiff failed to provide information that Mr. Macon was a witness in a case nor any documentation of the litigation. Id.  When he again submitted the form, the prison where Macon was housed could not verify that the litigation truly existed. Id. at 21.  He did not provide a renewed request with additional documentation as to either Thedford or Macon.  There is no indication that Plaintiff ever submitted the "request for correspondence" form for Damion Moore. (Doc. 139)

Inmates may correspond with one another only if they obtain written authorization from the appropriate prison officials. Cal.Code Regs., tit. 15 § 3139. Legitimate security concerns attend correspondence between inmates at different institutions and include risks of communication of escape plans, plans to commit violent acts and correspondence between gang members furthering the gang's agenda. *Turner v. Safley,* 482 U.S. 78, 91 (1987).  Prison regulations governing sending and receiving mail by inmates may be imposed to protect the institutional order and security of the facility where the regulation does not deprive prisoners of all means of expression. *Id.* at 92. The judgment of prison officials related to when and in what manner inmates may correspond is "a judgment 'peculiarly within [their] province and professional expertise,' [and] should not be lightly set aside by the courts." *Id.* at 92–93 (quoting *Pell v. Procunier,* 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

Moreover, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants and cannot order that Plaintiff be allowed to correspond with his witnesses. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). "[A] federal court may ... not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985).

On the other hand, it appears that Plaintiff's purpose in seeking this communication is to determine whether these inmates are willing to testify and to determine what they'd say at trial. (Doc. 139 at 2)  However, Plaintiff fails to explain who these witnesses are or why he believes that have information about the incident at issue.  If these witnesses were in a position to see or hear the events at issue, Plaintiff should know this.  Thus, in support of a motion for attendance of incarcerated witnesses, Plaintiff should be able to provide his own declaration indicating where the inmate-

3

1  witnesses were during the incident and what they were capable of seeing and hearing. Likewise, in the event Plaintiff cannot verify their willingness to testify, the Court's order dated December 11, 2012, does not preclude their testimony. (Doc. 131 at 3) Thus, even if the Court had the authority—which it does not—to require that Plaintiff be allowed to correspond with these inmates, Plaintiff has failed to provide sufficient explanation to justify the request that he be allowed contact with these inmates.

Therefore, as to inmate Key, the request is **DENIED** as **MOOT** given Plaintiff has been permitted to correspond with this inmate. As to the other two inmates, the request is **DENIED**.

### III. Request for the Court to issue subpoenas

On January 14, 2013, the Court received a letter from Plaintiff indicating that he wished for the Court to issue subpoenas for his use to require witnesses to attend the trial and given testimony. (Doc. 142) Likewise, Plaintiff inquires whether he needs to have family members subpoenaed to trial even if they agree to attend voluntarily.

In its Second Scheduling Order (Doc. 131) dated December 11, 2012, the Court explained in detail how Plaintiff may secure witnesses at trial. He is encouraged to review that document as it clearly explains his obligations. Id. at 3-4. Thus, Plaintiff letter (Doc. 142) is **DISREGARDED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to be unshackled during trial (Doc. 136) is **DENIED**;
2. Plaintiff's request to wear street clothes during trial (Doc. 136) is **GRANTED**;
3. Plaintiff's motion to correspond with inmate-witnesses (Doc. 139) is **DENIED**;
4. Plaintiff's letter (Doc. 142) is **DISREGARDED**.

IT IS SO ORDERED.

Dated: **January 18, 2013**                 /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE