**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JEAN-PIERRE K. THOMAS

Plaintiff,

v.

M. GARCIA, et. al,

Defendants.

Case No.: 1:08-cv-00689 JLT (PC)

ORDER DENYING REQUEST FOR RECONSIDERATION

(Doc. 145)

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions filed by Plaintiff related to his trial. On January 2, 2013, January 4, 2013 and January 14, 2013, Plaintiff filed motions related to being unshackled during trial, wearing street clothes during trial, being permitted to correspond with inmates to prepare for trial and requesting the Court issue subpoenas so he can compel witnesses to appear at trial. (Docs, 136, 139, 142) On January 18, 2013, the Court issued an order denying his request to be unshackled during trial, granting his request to wear street clothes, denying his request to correspond with inmates and disregarding his request for the Court to issue subpoenas. (Doc. 143) Because Plaintiff is unhappy that all of his motions were not granted, he seeks review of this orders by a District Judge. (Doc. 145)

For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

///

## I. Motion for reconsideration[1]

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Here, Plaintiff fails to provide any legal justification for reconsideration but rehashes the merits of his motions.

---

[1] Plaintiff styles his motion as a motion for reconsideration to a District Judge. (Doc. 145) However, Plaintiff filed his written consent to Magistrate Judge jurisdiction on December 26, 2012. (Doc. 134) Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir.1993). Plaintiff has not presented extraordinary circumstances, nor does the Court find good cause, entitling Plaintiff to withdraw his consent to the jurisdiction of the Magistrate Judge. Plaintiff's motion for reconsideration by a District Judge is **DENIED**.

For example, Plaintiff argues that not being shackled at trial is needed because he isn't confident the shackles can be fully disguised from the jury. Likewise, he argues that he may be better able to demonstrate his case if he is allowed to stand and move about and is concerned about what he will do when he is called to the bench if he is shackled. First, Plaintiff and counsel will never be called to the bench. Second, though Plaintiff may be better able to make a more convincing presentation on his feet, Plaintiff ignores the reality of his situation. The fact that he is transported to court for this civil proceeding does not change the fact he is in prison and being in court does not minimize the security risks; to the contrary, the risks are increased. Moreover, in light of the fact that the date of his trial is publicly known, the risks are too great to allow complete unshackling. Though the Court denied Plaintiff's motion to be fully unshackled, this does not mean the Court will not consider partial shackling at the time of trial. Generally, inmate-plaintiffs in a civil case are permitted to have their hands unshackled but whether this is permitted at trial will depend on Plaintiff's conduct. Assuming Plaintiff cooperates with the security requirements and he is allowed to have his hands unshackled (General Order 441), the rest of his shackles will be hidden from the juror's view beneath Plaintiff's table. Thus, Plaintiff has failed to demonstrate that reconsideration is warranted.

Plaintiff makes an extended argument regarding what he perceives as the Court's error in refusing to order the CDCR to allow him to correspond with other inmates. He attaches his most recent request for permission to correspond with inmates Damon Moore, Lovoyne Macon, and Dewayne Thedford, dated January 25, 2013—which were not attached to Plaintiff's original motion. (Doc. 145 at 21-23). These requests were denied under California Code of Regulations 3139(f) which permits inmates to correspond with other inmates only when they are "Co-litigants on active cases." Plaintiff cites this as evidence of the Court's error but fails, once again, to make any demonstration as to how these inmates relate to this case, why he thinks they relate to this case or what information he anticipates they can provide.[2] More importantly, he fails to understand the Court lacks the authority to

---

[2] Plaintiff is free to refile his motion to correspond with inmates but, if he chooses to do so, he **must** set forth this information in the renewed motion so the Court may properly evaluate the circumstances. However, Plaintiff is once again advised that, at most, the Court **can only request** the CDCR facilitate the correspondence; the Court **cannot order it.** McElroy v. Cox, 2012 WL 1299618 at * 1 (E.D. Cal. Apr. 16, 2012) ["[T]he Court does not have jurisdiction in this action

issue the order he seeks. Indeed, his motion for reconsideration simply reiterates why he feels his motion should have been granted. This is insufficient.

**ORDER**

Based upon the foregoing, Plaintiff's motion for reconsideration (Doc. 145) is **DENIED**.

IT IS SO ORDERED.

Dated: **February 13, 2013**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses."]