**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN-PIERRE K. THOMAS, | ) Case No.: 1:08-cv-00689 - JLT |
| Plaintiff, | ) |
| | ) ORDER DENYING THE REQUEST FOR |
| | ) RECONSIDERATION AND GRANTING |
| v. | ) PLAINTIFF'S RENEWED MOTION FOR THE |
| | ) COURT TO REQUEST ASSISTANCE IN |
| M.P. GARCIA, et. al, | ) PLAINTIFF'S EFFORT TO CORRESPOND WITH |
| | ) POTENTIAL TRIAL WITNESSES |
| Defendants. | ) |
| | ) (Doc. 148). |

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in an action pursuant to 42 U.S.C. § 1983.  On March 14, 2013, Plaintiff filed his Renewed Motion for Correspondence Approval with Potential Witnesses for Trial. (Doc. 148).  For the reasons stated below, the Court **DENIES** the request for reconsideration but will request the CDCR permit Plaintiff to have this correspondence subject to whatever rules are necessary to ensure the security of the prison facilities.

I.     **BACKGROUND.**

On January 18, 2013, the Court denied Plaintiff's initial request that the Court grant him permission to correspond with inmates Michael Key, Frank Ward, Lovoyne Macon, Damion Moore and Dewayne Thedford. (Doc. 143 at 2).  In regard to Frank Ward, the Court noted that the CDCR Inmate Locator found no person under that name or number provided and therefore the motion was

1

1   denied. <u>Id</u>.  The Court found that Plaintiff had previously corresponded with Michael Key and the

2   Motion was denied as moot as to Michael Key. <u>Id</u>. at 4.

3          On February 8, 2013, Plaintiff sought reconsideration of the order. (Doc. 145).  The Court

4   declined to reconsider his prior request to correspond with inmates. (Doc. 146).  The Court determined

5   that Plaintiff failed to demonstrate how inmates Damon Moore, Lovoyne Macon and Dewayne

6   Thedford related to this case and reiterated the Court lacked the authority to order the correspondence

7   he requested. (Doc. 145 at 3).

8          In his present Motion, Plaintiff indicates that he renewed his request to obtain permission to

9   correspond with witnesses by seeking permission from his current correctional counselor, Mr.

10  Dominguez. (Doc. 148 at 2).  Plaintiff does not indicate which potential witnesses he sought to contact

11  with Mr. Dominguez's permission. *See generally,* (Doc. 148).   However, Plaintiff indicates that

12  Damon Moore, Lovoyne Macon, and Dewayne Thedford were witnesses to the incident in which

13  Plaintiff alleges Defendants Garcia and Bonella forced Plaintiff to the ground on October 5, 2006.

14  (Doc. 148 at 2).   Plaintiff moves the Court to "request" – not order – the CDCR to facilitate

15  correspondence with these potential witnesses. <u>Id</u>.

16  **II.    DISCUSSION**

17         Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality

18  and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A

19  reconsideration motion "should not be granted absent highly unusual circumstances." <u>McDowell v.</u>

20  <u>Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration

21  motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a

22  rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See* <u>Sequa Corp. v. GBJ</u>

23  <u>Corp</u>., 156 F.3d 136, 144 (2d Cir. 1998).  "To succeed, a party must set forth facts or law of a strongly

24  convincing nature to induce the court to reverse its prior decision." <u>Id</u>. Reconsideration is appropriate

25  if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the

26  initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling

27  law. <u>School District 1J, Multnomah County v. AC and S, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993), cert.

28  denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances

2

warranting reconsideration. Id.  Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff explains that Damon Moore, Lovoyne Macon, and Dewayne Thedford were actual eyewitnesses to an alleged altercation between Plaintiff and Defendants Garcia and Bonilla on October 5, 2006, which is the subject of this litigation.  The Court finds that Damon Moore, Lovoyne Macon, and Dewayne Thedford's potential testimony is substantially related to the present case.

However - as the Court previously held in its Orders dated January 18, 2013, and February 14, 2013 – the Court does not have jurisdiction over anyone other than Plaintiff and the Defendants. *E.g.,* City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  The Court cannot order the CDCR to permit Plaintiff to be allowed to correspond with his witnesses. Id.  Plaintiff is again reminded that – at most – the Court **can only request** the CDCR to permit correspondence. *Se e.g.*, McElroy v. Cox, Case No. 1:08–cv–01221–LJO–GSA–PC, 2012 WL 1299618 * 1-2 (E.D. Cal. 2012).  Therefore, the Court **DENIES** Plaintiff's Motion for Request for Reconsideration, but **REQUESTS** that the CDCR facilitate correspondence between Plaintiff and inmates Damon Moore, Lovoyne Macon and Dewayne Thedford.

In regard to Michael Key and Frank Ward, the Court **DENIES** Plaintiff's Motion to Reconsider, because no new grounds for reconsideration are presented before the Court.

## III.   CONCLUSION

Based upon the foregoing, the Court orders as follows:

1. The Court **DENIES** Plaintiff's Motion for Reconsideration as to Michael Key as **MOOT;**

2. The Court **DENIES** Plaintiff's Motion for Reconsideration;

3. The Court **REQUESTS** the CDCR permit Plaintiff to correspond with Damon Moore, Lovoyne Macon, and Dewayne Thedford as potential witnesses in this matter, subject to whatever rules are necessary to ensure the security of the prison facilities;

3

1    4.   Counsel for Defendants **SHALL** provide a copy of this order to the appropriate CDCR

2         officials and, within 30 days of the date of this order SHALL file a report detailing

3         CDCR's response.

4

5

6    IT IS SO ORDERED.

7    Dated:   **March 21, 2013**              **/s/ Jennifer L. Thurston**

8                                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4