UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>M. GARCIA, et al.,<br><br>        Defendants. | Case No.: 1:08-cv-00689 - JLT (PC)<br><br>PRETRIAL ORDER<br><br>Deadlines:<br><br>Motion in Limine Filing: 6/28/13<br><br>Oppositions to Motions in Limine: 7/5/2013<br><br>Trial Submissions: 7/5/2013<br><br>Jury Trial: 7/23/2013, 8:30 a.m., Bakersfield<br><br>(Doc. 1) |

      Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. The parties have completed discovery and the Court has decided all dispositive motions. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court hereby sets a further schedule for this litigation. Upon consideration of the parties' comments at hearing, the Parties' pretrial statements and the file in this case, the Court **ISSUES** the Pretrial Order as follows.

///

///

1

**A. JURISDICTION AND VENUE**

Plaintiff seeks relief under 42 U.S.C. § 1983. Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, Plaintiff's claims arise out of events that occurred at Kern Valley State Prison ("KVSP"), located in Delano, California. Thus, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield, California. 28 U.S.C. § 1391.

**B. JURY TRIAL**

Defendants also included a demand for jury trial in their answers. Accordingly, trial will be by jury.

**C. UNDISPUTED FACTS**

1. On October 5, 2006, Plaintiff was incarcerated at KVSP.

2. On October 5, 2006, Defendants Garcia and Bonilla were correctional officers at KVSP.

3. On October 5, 2006, inmates in the "yard" at KVSP were ordered to get down in a prone position.

4. On October 5, 2006, Defendants Garcia and Bonilla used force on Plaintiff.

6. Following the incident on October 5, 2006, LVN Hankins medically examined Plaintiff and completed a medical report concerning Plaintiff's injuries.

7. Subsequently, Plaintiff participated in a video-recorded interview concerning the use of force on October 5, 2006.

8. Plaintiff was disciplined as a result of the October 5, 2006, incident.

**D. DISPUTED FACTS**

All other facts are disputed.

**E. DISPUTED EVIDENTIARY ISSUES**

1.  Plaintiff's Evidentiary Issues

Plaintiff does not list any disputed evidentiary issues.

2.  Defendants' Evidentiary Issues

Defendants provide a boilerplate objection to any evidence submitted by Plaintiff based upon or containing inadmissible hearsay or evidence that is irrelevant, immaterial, or incompetent, and note

that they will file specific objections to testimony or exhibits after presented at trial. Defendants contest the admissibility of any written statements by inmates who are not present at trial. Additionally, Defendants intend to object to Plaintiff's opinion testimony that pertains to any matter requiring medical expertise. Finally, Defendants will seek to impeach any incarcerated witness at trial by presenting evidence of their prior felony convictions, pursuant to Fed. R. Evid. 609.

**F. SPECIAL FACTUAL INFORMATION**

None.

**G. RELIEF SOUGHT**

Plaintiff seeks compensatory, nominal and punitive damages in the amount of $1,000,000.00 and costs of suit. Plaintiff also requests a declaratory or injunctive relief to overturn the disciplinary action imposed by KSVP officials as a result of the October 5, 2006, incident. As Plaintiff does not plead a declaratory judgment action in his complaint, he may not seek this relief. Given that Plaintiff is not proceeding *in forma pauperis* and has incurred costs, he may seek recovery of costs. Defendants pray for judgment in their favor with Plaintiff taking nothing, and an award of attorney fees and costs.

**H. POINTS OF LAW**

**1. Section 1983**

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there

must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

**2. Eighth Amendment Excessive Force/Failure to Protect Claim**

The Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (*per curiam*); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). The core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S. Ct. at 1178 (*quoting* Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 130 S. Ct. at 1178 (*quoting* Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 130 S. Ct. at 1178 (*quoting* Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 130 S. Ct. at 1178 (*quoting* Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Wilkins, 130 S. Ct. at 1178.

**3. Punitive Damages**

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that the defendant's conduct is "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986). *See also* Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994).

**I. ABANDONED ISSUES**

None.

**J. WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

    i.    <u>Plaintiff's witnesses</u>:

        1. M. Hankins, Licensed Vocational Nurse
        2. Evelyan Thomas, M.D., Plaintiff's mother and medical expert
        3. Lindsay Thomas, Jr., Plaintiff's father
        4. Lovoyne Lee Macon, #-61214
        5. Michael Key, Jr., T-77528
        6. Damon Edward Moore J-52867

    ii.    <u>Defendants' witnesses</u>[1]:

        1. M. Garcia, Defendant
        2. I. Bonilla, Defendant
        3. D. Stebbins, Correctional Captain
        4. M. Hankins, Licensed Vocational Nurse
        5. E. Loscano, witness
        6. Reynoso, Correctional Lieutenant
        7. Dr. S. Lopez, Chief Medical Executive, Expert Witness
        8. W. Adams, CCII, Expert Witness

---

[1] Though Defendants named the custodian of records as a witness for Plaintiff's CDCR Central and Medical files, the parties stipulated that the original documents may be introduced without need for an authenticating witness. However, other objections to this evidence are preserved.

Defendants SHALL produce an authentic copy of the Central and Medical records identified by Plaintiff as his intended exhibits, for use at trial.

**K. EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

   i. <u>Plaintiff's Exhibits</u>[2]

      1. Ex. A − CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, dated Oct. 5, 2006, for Plaintiff; CDC Form 7230, Interdisciplinary Progress Note, dated Oct. 16, 2006, for Plaintiff

      2. Ex. B − Notice of Lodging Exhibit D, <u>Thomas v. Bonilla</u>, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 128, dated Nov. 19, 2009; Letter from Attorney Picciano to Plaintiff, dated Nov. 13, 2009

      3. Ex. C − CDCR Form GA-22, Plaintiff's Inmate Request for Interview, dated Oct. 6, 2009; CDC Form 128G, Plaintiff's Classification Chrono, dated Dec. 5, 2005; Defendant Bonilla's response to Plaintiff's request for production numbers 1 through 7, dated Sept. 28, 2009; CDCR Form 837-C, Crime Incident Report log no. VUD-FBP-06-10-046 from Correctional Officer Scott, dated Sept. 5, 2006; CDCR Form 837-C, Crime Incident Report log no. KVP-FBP-06-10-0461 from Sgt. E. Loscano, dated Oct. 5, 2006

      4. Ex. D − Plaintiff's inmate appeal documents dated Oct. 15, 2006, Nov. 7, 2006, Feb. 21, 2007, March 20, 2007, and June 11, 2007; Docket entries for <u>In re Jean-Pierre K. Thomas</u>, California Court of Appeals 5th Appellate District, Case No. F055510; Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment,

---

[2] Plaintiff presents Exhibits A through R to his Pretrial Statement without expressly delineating which Exhibits he intends to use at trial. (Doc. 151). Plaintiff seemingly attaches the Exhibits in support of his undisputed and disputed facts. Nonetheless, a reasonable inference can be drawn that the documents attached are ones which Plaintiff intends to use at trial. Thus, the Court construes Exhibits A through R as Plaintiff's trial exhibits.

Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 117 at 75-88, dated May 7, 2012

5. Ex. E – Letter from the California Attorney General to Plaintiff, dated Jan. 9, 2007; Letter from the California Office of the Inspector General to Plaintiff, dated Feb. 16, 2007; Letter from M. Overstreet, CDCR Division of Adult Institutions, to Plaintiff, dated Feb. 22, 2007

6. Ex. F – Plaintiff's medical record from Burnette, O.D., dated March 22, 2012; Defendant Garcia's response to Plaintiff's request for production numbers 4 through 26, dated August 15, 2011; Defendant Bonilla's response to Plaintiff's interrogatories numbers 21 through 25, dated Oct. 27, 2009

7. Ex. G – CDCR Form 115-C, Plaintiff's Rule Violation Report log no. FB-06-10-004, dated Nov. 6, 2006; Statement by Inmate Glover, dated Nov. 4, 2011; Statement by Inmate Michael Keys, Jr., dated Jan. 10, 2011; Report of Ken Sheppard, Director of Progressive Investigation

8. Ex. H – Order regarding request for subpoena, Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 44, dated Sept. 8, 2010; Defendant Garcia's response to Plaintiff's first set of interrogatories numbers 1 through 14, dated July of 2011

9. Ex. I – Plaintiff's motion for an order compelling discovery, Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 27, dated Jan. 13, 2010; Letter from California Senator Gloria McLeod to Evelyan Thomas, M.D., dated May 7, 2007; KVSP District Attorney Referral Status Report, No. KVP-FBP-06-10-0461, dated Oct. 5, 2006

10. Ex. J – Letter from Evelyan Thomas, M.D., to KVSP Warden Knowles, dated Nov. 27, 2006; Defendant Garcia's response to Plaintiff's request for production of documents numbers 1 through 23; CDC Form 7230, Plaintiff's Interdisciplinary Progress Notes, dated Jan. 3, 2007, through March 30, 2007; CDCR Form 7362, Health Care Service Request Form, dated March 25, 2007

11. Ex. K – CDCR Form 7243, Physician Request for Services, dated June 6, 2007; CDCR Form 7362, Plaintiff's Health Care Services Request Form, dated July 5, 2007

12. Ex. L – Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment, Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 120 at 3, dated June 8, 2012; CDCR Medical Report of Injury or Unusual Occurrence for Defendant Bonilla, dated Oct. 5, 2011; CDCR Medical Report of Injury or Unusual Occurrence for Defendant Garcia, dated Oct. 5, 2011

13. Ex. M − Defendant Garcia's responses to Plaintiff's interrogatory numbers 6 through 10, dated Aug. 18, 2011; Plaintiff's requests to admit directed toward Defendant Bonilla, dated Aug. 24, 2009; Defendant Garcia's responses to Plaintiff's second request for interrogatories, dated Nov. 14, 2011

14. Ex. N – Order denying motion to compel, Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 41 at 1-2, dated Aug. 3, 2010; Order granting Defendant Bonilla's Motion to Set Aside Admissions, Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 90, dated Sept. 28, 2011

15. Ex. O – Letter from Attorney Picciano to Plaintiff, dated Feb. 24, 2012; Complaint and docket report in Aubert v . Elijah, Case No. 1:07-cv-1629 (E.D. Cal.), dated Nov. 8, 2007; Defendants' privilege logs; Defendant Bonilla's responses to Plaintiff's interrogatories numbers 7 through 14

16. Ex. P − Defendant Bonilla's opposition to Plaintiff's motion for summary judgment, Thomas v. Bonilla, Case No. 1:08-cv-689 (E.D. Cal.), Doc. 58, dated Jan. 13, 2011

17. Ex. Q – Plaintiff's sworn declaration, dated March 31, 2013; CDCR Form 22, Plaintiff's Inmate Request for Interview, dated Feb. 13, 2013

18. Ex. R − Legal treatise entitled "Section 1983 – Excessive Force – Convicted Prisoner;" Letter from Fivecoat and With, court reporters, to Plaintiff dated February 24, 2012

19. Ex. S - Plaintiff's videotape interview conducted by Sgt. E. Loscano regarding the October 5, 2006 incident

ii. Defendants' Exhibits

1. CDCR Form 115, Rules Violation Report log no. FB-06-10-004, dated Oct. 5, 2006

2. CDCR Form 837, Crime Incident Report log no. FBP-07-04-0195, dated Oct 5, 2006

3. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence dated October 5, 2006 for Plaintiff
4. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence dated October 5, 2006 for Defendant Garcia
5. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence dated October 5, 2006 for Defendant Bonilla
6. Videotape interview of Thomas conducted by Sgt. E. Loscano regarding the October 5, 2006 incident.
7. Relevant portions of Thomas's prison medical records regarding the incident
8. CDCR Form 602, Inmate Appeal log no. KVSP-O-06-03380 filed by Plaintiff regarding the October 5, 2006 incident.
9. Photographs of B Yard at KVSP, where the incident occurred.
10. A diagram of B Yard at KVSP, where the incident occurred.
11. Plaintiff's Abstract of Judgment.

On or before **June 28, 2013**, each party shall provide the other with a copy of any exhibit not previously produced during discovery that the party intends to present at trial. In addition, the original and four copies of all trial exhibits, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **July 12, 2013**.[3] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 1 (e.g., PX-1, PX-2, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with 500 (e.g., DX-500, DX-501, etc.). The Parties shall number each page of any exhibit exceeding one page in length.

**L. DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER

---

[3] This includes the Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand, and one to retain for themselves.

SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

In addition to the discovery documents contained in Plaintiff's Exhibits C, F, H, J, M, and O above, Plaintiff requests that the transcripts of his deposition and the corrections he made to the deposition be available at the trial. (Doc. 151 at 19-20). Plaintiff is advised that the Court is in possession of Plaintiff's February 13, 2012, deposition taken in Imperial, California. (Doc. 116).[4] As Plaintiff identified this deposition in his pretrial statement, and Defendants reserve the right to offer the same into evidence, the parties may introduce this deposition, assuming no meritorious objections are presented. In addition, at trial, Plaintiff intends to rely upon Garcia's amended response to Interrogatory # 9 and Garcia's amended response to Request for Production of Documents Set One./

Defendants do not anticipate the use of any further discovery documents beyond Plaintiff's February 13, 2012, deposition and its appended exhibits.

**M. FURTHER DISCOVERY OR MOTIONS**

    **1.    Discovery.**

The parties do not see any further discovery in this matter.

    **2.    Motions in Limine**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n.4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

---

[4] In addition to the deposition itself, Plaintiff also requests that the corrections he made to the deposition transcript be made available at trial. The corrections Plaintiff made to the deposition transcript, if any, have not been lodged with the Court. The Parties **SHALL** lodge Plaintiff's corrections to the deposition, if any, with the Court on or before **June 28, 2013**.

10

All motions in limine must be served on the other party, and filed with the Court, by **June 28, 2013.** The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **July 5, 2013**. The Court will decide all motions in limine upon the written submissions. The parties are reminded that they may still object to the introduction of evidence during trial.

**N. STIPULATIONS**

The parties have not agreed upon any stipulations at this time.

**O. AMENDMENTS/ DISMISSALS**

None at this time.

**P. SETTLEMENT NEGOTIATIONS**

Defendants do not anticipate, and Plaintiff does not mention, settlement of this matter.

**Q. AGREED STATEMENT**

None.

**R. SEPARATE TRIAL OF ISSUES**

The Court will bifurcate the issue of punitive damages. If the jury finds that the Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**S. EXPERTS**

    i. <u>Plaintiff</u>

        a. Evelyn Thomas, M.D.

    ii. <u>Defendants</u>

        a. Dr. S. Lopez, Chief Medical Executive

        b. W. Adams, CCII

**T. ATTORNEYS' FEES**

Plaintiff is proceeding *pro se* and is not entitled to attorney's fees. Given that Plaintiff is not proceeding *in forma pauperis*, he may, and does, seek recovery of costs. Defendants do not anticipate seeking attorneys' fees, but request an award of costs should judgment issue in their favor.

**U. TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **July 23, 2013**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last no longer than two to three days.

**V. TRIAL PREPARATION AND SUBMISSIONS**

**1. Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **July 12, 2013.**

**2. Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **July 12, 2013.**

**3. Statement of the Case**

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **July 12, 2013.** The Court will consider the parties' statements but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

**4. Jury Instructions**

Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **July 5, 2013.** If Plaintiff also wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so on or before **July 12, 2013.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the

Court with a copy of their proposed jury instructions via e-mail at JLTOrders@caed.uscourts.gov. If Plaintiff elects to file any proposed jury instructions, he may file those, as normal, under this case number with the Clerk of the Court.

**5. Verdict Form**

Defendants shall file a proposed verdict form as provided in Local Rule 163 on or before **July 5, 2013.** If Plaintiff also wishes to file a proposed verdict form or object to the one filed by Defendants, he must do so on or before **July 12, 2012.**

**W. OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**X. MISCELLANEOUS MATTERS**

None.

**Y. COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **June 11, 2013**                              **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE