IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>         Plaintiff,<br><br>    v.<br><br>M. GARCIA, et al.,<br><br>         Defendants. | Case No. 1:08-cv-00689 JLT (PC)<br><br>ORDER GRANTING MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. 157) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed May 16, 2008, against Defendants M. P. Garcia and Bonilla for excessive force in violation of the Eighth Amendment. Before the Court is Plaintiff's motion for attendance of incarcerated witnesses. (Doc. 157) In the motion, Plaintiff seeks to have three inmate-witness transported for trial; inmate Lovoyne Lee Macon, CDCR# H61214, Michael Key Jr., CDCR # T-77528, Damon Edward Moore (J-52867). Defendants did not file any objection to these witnesses being produced at trial.

For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for attendance of the incarcerated witness.

**I.    Background**

On October 5, 2006, Plaintiff was housed at Kern Valley State Prison. (Doc. 129 at 2-4) On that day, there was an incident at about 9:30 a.m. while inmates were being released to the exercise yard. Id. An inmate was involved in a verbal altercation with a psych tech. As a result,

1

correctional officers ordered the yard to go down. Id.

Several inmates refused to comply with orders to "prone out" and force was used to gain compliance. (Doc. 129 at 2-4)  Plaintiff, after complying with orders to "get down," admittedly crawled a short distance and lifted his head to watch what was happening. Id.  Defendant Garcia ordered Plaintiff and several others to cross their legs, apparently to impose an impediment to further movement. Id. Plaintiff asserts he did not hear this order or that this order was never made but asserts slowly he began to cross his legs. Id.

Plaintiff was told to "shut-up" and responded by telling Garcia to "shut-up." (Doc. 129 at 2-4)  Plaintiff refused to comply with orders to allow him to be cuffed but contends once he was handcuffed, Garcia and Bonilla picked him up and slammed him head-first into the ground. Id. Plaintiff contends also that when Garcia and Bonilla escorted him to the medical facility, they again slammed him into the ground. Id. at 5. Plaintiff complains Defendants applied the handcuffs to tightly and that he suffered injuries as a result. Id. at 5-6.

Plaintiff contends that each of the inmate-witnesses was present at the time of the events and are eyewitnesses.  Plaintiff contends also that each have expressed a willingness to testify in the past.  Defendants note that there is no indication they are currently willing to testify. However, the Court has the authority to compel a witness to testify so the failure to have information about the witnesses' current willingness to testify is not a significant impediment.[1]

**ORDER**

Based upon the foregoing, Plaintiff's motion for attendance of incarcerated witness (Doc. 157) is **GRANTED.**

IT IS SO ORDERED.

Dated:   **June 11, 2013**                              **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] If the witnesses report they have no personal knowledge of the events, the Court will reconsider this order.

2