UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>             Plaintiff,<br><br>      v.<br><br>M. GARCIA, et al.<br>             Defendants. | )  Case No.: 1:08-cv-00689 - JLT (PC)<br>)<br>)  ORDER SUSTAINING IN-PART AND<br>)  OVERRULING IN-PART PLAINTIFF'S<br>)  OBJECTIONS TO THE PRETRIAL ORDER<br>)<br>)  (Doc. 183)<br>)<br>) |

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. At present, Plaintiff submits his Motion of Objections to the Pretrial Order ("Objections"), which contains a plethora of ponderings and interspersed legal objections that make his request for relief difficult to ascertain. (Doc. 183). Nonetheless, the Court has reviewed the pleading, and for the following reasons, the Court **SUSTAINS IN-PART** and **OVERRULES IN-PART** Plaintiff's Objections.

**1. Objection to Section E – Disputed Evidentiary Issues**

With regard to Section E entitled "Disputed Evidentiary Issues," Plaintiff avers that the Court should have noted his objection to entry of evidence concerning his criminal convictions. (Doc. 183 at 2-3). Plaintiff believes that evidence of his criminal convictions might be inadmissible as more than 10 years have passed since his conviction, but he contradicts himself by providing legal authority indicating how such information may be admissible. Id.  However, the deadline for Defendants to

1

oppose Plaintiff's motion in limine on this topic has not passed. Once this deadline passes, the Court will consider Plaintiff's motion. Therefore, the objection is **OVERRULED.**

### 2. Request for Additional Documents

Plaintiff objects to the Court's refusal to include discovery documents pertaining to Defendant Garcia's resignation and/or termination. (Doc. 183 at 3). The parties discussed this matter at length during the pretrial conference. The Court concluded that such documents were irrelevant, but could be used for the purposes of impeachment at trial. Thus, the Court will not reconsider its prior ruling.

### 3. Objection to Section H – Points of Law

Plaintiff requests that additional sentences be placed in Section H entitled "Points of Law." (Doc. 183 at 4). Specifically, he seeks inclusion of the following sentence: "The dissent's (sic) theory that use of force requires an inmate who alleges excessive use of force to show serious injury, in addition to the unnecessary and wanton infliction of pain misapplies Wilson and ignores the body of our Eighth Amendment [j]urisdiction." Id. at 4. However, Plaintiff provides no legal citation for this reference and no argument as to why it should be included. Furthermore, the Court expressly noted in the pretrial order (Doc. 170) that it is the use of force, rather than the injury that determines whether an Eighth Amendment violation occurred; thus, such language would be duplicative of the pretrial order. The Court **OVERRULES** the request to add the additional language.

### 4. Clarification of Witness Classification

Plaintiff clarifies that he is not listing Evelyan Thomas, M.D., as an expert witness, but intends to hear her medical testimony concerning the extent of the injuries he suffered. (Doc. 183 at 4-5). In his pretrial statement, Plaintiff explicitly states, "his mother can give some professional medical insight [into his injuries]." (Doc. 151 at 19). However, given Plaintiff is now saying that his mother will testify only to what she perceive and will not offer expert testimony, the objection is **SUSTAINED** and Dr. Thomas will not be permitted to offer any expert testimony.

### 5. Request for the Ninth Circuit's Model Jury Instructions

Plaintiff also appears to request a copy of the Ninth Circuit's Model Civil Jury instructions. (Doc. 183 at 5-6). He reports that these are not readily available to him. Id. Additionally, he appears to petition the Court to provide him with Eighth Circuit's Model Civil Jury Instructions. Id. at 6. The

1  Court cannot provide Plaintiff with a copy of the Ninth Circuit's Model Civil Jury Instructions, and
2  thus, he must obtain these on his own accord. Moreover, the Eighth Circuit's model instruction are
3  inapplicable and, thus, irrelevant in this district. However, given the unavailability of the Ninth
4  Circuit's Model Jury Instruction, Plaintiff may rely upon the CACI which is California's model jury
5  instructions. Therefore, the request is **OVERRULED in part.**

   **5. Objection to Section G – Relief Sought**

   Plaintiff implicitly objects to Section G of the pretrial order entitled "Relief Sought," in which
   the Court denied his request for declaratory relief. (Doc. 170 at 3). Plaintiff admits that he did not
   plead a declaratory action. (Doc. 183 at 6). Nonetheless, he concludes that Defendants fabricated their
   disciplinary reports and thus his disciplinary violation should be overturned. Id. However, Plaintiff
   admits that he previously filed a writ of habeas corpus on this exact same issue, which the Court
   denied. Id. Thus, it appears Plaintiff wishes the Court to reconsider his habeas corpus matter; this the
   Court will not do. Therefore, the objection to Section G of the pretrial order is **OVERRULED**.

   **6. Request for Yard B Patio Surveillance Video**

   Plaintiff requests that Defendants lodge the surveillance video of the Yard B Patio at Kern Valley
   State Prison taken between 9:30 a.m. and 11:30 a.m. on October 5, 2006. (Doc. 183 at 8). Plaintiff
   notes that he requested this video in his pretrial statement and that he sought it in a prior request for
   production. Id; (Doc. 151 at 21, 23). Plaintiff referred the Court to Defendant Bonilla's response to
   Plaintiff's request for this video, in which Defendant Bonilla indicates that no such video exists. Id. at
   41. Similarly, in Exhibit O attached to Plaintiff's pretrial order, Defense counsel indicates that she
   inquired into the existence of the video with Kern Valley State Prison, but the video could not be
   located. Id. at 142. Thus it appears that no such video exists.

   Nonetheless, given the late juncture of the proceedings, the Court will require Defendants to lodge
   the surveillance video of the Yard B Patio at Kern Valley State Prison taken between 9:30 a.m. and
   11:30 a.m. on October 5, 2006. If, after reasonable injury, no such video can be located, Defendants
   **SHALL FILE** a statement under penalty of perjury with the Court indicating that no such video can
   be located. The video or Defendants' statement **SHALL be submitted to the Court no later than**

**July 12, 2013**.[1]

**ORDER**

Accordingly, and for the foregoing reasons, the IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to the Pretrial Order (Doc. 183) are **SUSTAINED IN-PART** as follows:

    a. The testimony of Dr. Thomas will be offered only on the topic of what she perceived of Plaintiff's injuries and she will not offer any expert opinions;

    b. Plaintiff is permitted to rely upon the model jury instructions of California, CACI;

    c. Defendants **SHALL LODGE** the surveillance video of the Yard B Patio at Kern Valley State Prison taken between 9:30 a.m. and 11:30 a.m. on October 5, 2006, **with the Court on or before July 12, 2013**. If, after reasonable injury, no such video can be located, Defendants **SHALL FILE** a statement under penalty of perjury with the Court indicating that no such video can be located **on or before July 12, 2013**; and

///
///
///

---

[1] In addition to the objections and clarifications raised above, Plaintiff renews his request for his corrections to this deposition to be lodged with the Court. (Doc. 183 at 4). Defendants lodged this document on June 28, 2013. (Doc. 185). Plaintiff notes that he already filed his motions in limine and voir dire questions. (Doc. 183 at 4-5). The Court notes receipt of these documents.

Plaintiff provides a lengthy description of his conversation with Defense counsel concerning the presentation of LVN Harkins as a witness. (Doc. 183 at 7). Plaintiff ponders whether the location of LVN Harkins could have been ascertained had the pretrial conference last longer. Id. However, Plaintiff provides no grounds on which the Court can rule. Id. Therefore, Plaintiff is advised that the Court's current order concerning LVN Harkins still stands (Doc. 162) and Plaintiff must comply with the Order – regardless of Defense counsel's representations – if he wishes to have LVN Harkins testify on his behalf.

Next, Plaintiff requests the Court to rule on his proposed jury instructions and pretrial statement. (Doc. 183 at 8). Plaintiff is advised that the Court will rule on the proposed jury instructions in due course.

In Plaintiff's objection to the order granting the motion for attendance of incarcerate witnesses at trial, Plaintiff objects to the summary of facts utilized by the Court. (Doc. 183 at 8). Plaintiff argues that these "couple of wrong statements" might show evidence of Court's bias on the Court's behalf. Plaintiff is advised that no such bias exists. Furthermore, the jury - not the Court - is the trier of fact in this matter.

Finally, Plaintiff makes reference to the summary of facts issued by the Court in the Findings and Recommendations recommending that Defendants' motion for summary judgment be denied. (Doc. 183 at 10-11). Such objections are **MOOT**.

4

2. All other Objections to the Pretrial Order are **OVERRULED**.

IT IS SO ORDERED.

Dated:     **July 2, 2013**                           **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE