1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   JEAN-PIERRE K. THOMAS,                    )   Case No.: 1:08-cv-00689 – JLT (PC)
                                               )
12             Plaintiff,                      )   ORDER ON PLAINTIFF'S MOTION IN LIMINE
                                               )   (Doc. 135)
13        v.                                   )
                                               )   ORDER ON DEFENDANTS' MOTIONS IN
14   M. P. GARCIA, et al.,                     )   LIMINE
                                               )   (Doc. 186, 187, 188)
15             Defendants.                     )
                                               )   ORDER GRANTING PLAINTIFF'S MOTION FOR
16                                             )   EXTENSION OF TIME TO FILE HIS
                                               )   OPPOSITION TO DEFENDANTS' MOTION IN
17                                             )   LIMINE
                                               )   (Doc. 202)
18                                             )
                                               )
19   _____       )

20        Before the Court are the motions in limine filed by Plaintiff Jean-Pierre K. Thomas

21   ("Plaintiff") on January 2, 2013 (Doc. 135) and by Defendants Garcia and Bonilla on June 28, 2013.

22   (Docs 186, 187, 188).  Defendants submitted their opposition to Plaintiff's motion in limine on July 3,

23   2013. (Doc. 191).  Plaintiff untimely filed his opposition to Defendants' motion in limine on July 15,

24   2013. (Docs. 199-201).[1]

25        For the reasons set forth below, Plaintiff's motion in limine (Doc. 135) and Defendants'

26

27        [1] Despite the deadlines set forth in the pretrial order, (Doc. 170), Plaintiff reports that thought "his due date to turn
     his opposition…was July 12th." (Doc. 202 at 1).  He requests that the Court grant him an extension of time to file the
28   oppositions.  In the interests of justice and finding no prejudice to the Defendants, the Court **GRANTS** Plaintiff's motion
     for extension of time, (Doc. 202), and addresses his responses herein.

                                                     1

1  motion in limine to limit Plaintiff's medical expert (Doc. 188) are **DENIED as moot.**  Defendants'

2  motion in limine to exclude certain trial exhibits (Doc. 186) is **GRANTED IN PART** and Defendants'

3  motion in limine to limit Plaintiff's trial testimony (Doc. 187) is **GRANTED.**

4  I.     **BACKGROUND**

5        The events at issue in this action occurred at Kern Valley State Prison on October 5, 2006.

6  (Doc. 129 at 2-4).  On that date, Plaintiff alleges that after complying with prison personnel's orders to

7  "get down," he admittedly crawled a short distance and lifted his head to watch what was happening.

8  Id.  Defendant Garcia then ordered him and several others to cross their legs, apparently to impose an

9  impediment to further movement. Id.  Plaintiff was told to "shut-up" and responded by telling Garcia

10  to "shut-up." Id. at 2-4.

11        Plaintiff subsequently refused to comply with orders to allow him to be cuffed but contends

12  once he was handcuffed, Defendants Garcia and Bonilla picked him up and twice slammed him head-

13  first into the ground. (Doc. 129 at 2-5).  Plaintiff complains Defendants applied the handcuffs too

14  tightly and that he suffered injuries as a result. Id. at 5-6.

15  II.    **LEGAL STANDARD**

16        "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

17  practice has developed pursuant to the district court's inherent authority to manage the course of

18  trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  The Ninth Circuit explained motions in

19  limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present

20  potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir.

21  2003) (citations omitted).  Likewise, the Seventh Circuit found motions in limine are "an important

22  tool available to the trial judge to ensure the expeditious and evenhanded management of the trial

23  proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

24        Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence

25  are disfavored. *See* Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).  A

26  court "is almost always better situated during the actual trial to assess the value and utility of

27  evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).  Therefore, the Sixth

28  Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they

1    arise [in trial]" as opposed to ruling on a motion in limine. <u>Sperberg</u>, 519 F.2d at 712.

2    III.    **PLAINTIFF'S MOTION IN LIMINE**

3         Plaintiff seeks to preclude Defendants from introducing evidence of his criminal conviction

4    and prison disciplinary proceedings. (Doc. 135 at 1).   Whether evidence of a conviction will be

5    admitted is governed by Federal Rules of Evidence 609.  Evidence must be admitted, pursuant to Fed.

6    R. Evid. 403, in civil cases in which the witness is not the defendant and where the conviction was

7    punishable by more than one year in prison. Fed. R. Evid. 609(a)(1)(A).

8         Generally, a conviction will not be admitted if more than 10 years have passed since the time

9    the witness was released from confinement on the charge.  However, the 10-year presumptive bar does

10   not apply if the witness remains in custody for the charge at issue.  Nevertheless, in either situation, a

11   conviction may not be admitted if its probative value is outweighed by its prejudicial effect. Fed. R.

12   Evid. 609(b).

13        Here, Plaintiff provides very little argument concerning his request for exclusion of his

14   criminal conviction and disciplinary proceedings at trial. *See* (Doc. 135).  Plaintiff argues that this

15   information "falls outside of the scope of the Federal Rule of Evidence 609." <u>Id</u>. at 1.  He further

16   indicates that reference to his criminal history is irrelevant and could cause prejudice at trial. <u>Id</u>. at 2.

17        On the other hand, Defendants argue that they should not be precluded from eliciting testimony

18   from Plaintiff because "Plaintiff's convictions are highly probative of his credibility." (Doc. 191 at 2).

19   They further indicate that the 10-year limitation in Rule 609(b) is in applicable as he is serving a life

20   sentence with regard to the conviction that Defendants seek to introduce. <u>Id</u>. at 2.  Finally, Defendants

21   report they do not seek to introduce specific facts concerning Plaintiff's disciplinary history to show

22   that he acted in conformity with his prior conduct, but limit its introduction to rebuttal evidence or on

23   cross-examination. <u>Id</u>. at 3.

24        Given that the credibility of all the parties and witnesses is a significant issue in the case, the

25   Court does not find the prejudicial effect posed outweigh the probative value.  Thus, Plaintiff's motion

26   (Doc. 135) is **DENIED**.  However, Defendants may introduce the fact of the conviction and the

27   sentence.  No details about the offense, including the name of the offense will be introduced.  The

28   Court finds that the probative value of this information is outweighed by its prejudicial effect.

1    Evidence related to the discipline imposed upon Plaintiff as a result of the events at issue will

2    not be introduced absent a showing, outside the presence of the jury, that the evidence is admissible

3    consistent with the requirements of Fed. R. Evid. 404(b).

4    **IV.    DEFENDANTS' MOTIONS IN LIMINE**

5        **A.  Motion in Limine #1 – Preclusion of Plaintiff's Trial Exhibits (Doc. 186)**

6        Defendants move to exclude the majority of Plaintiff's exhibits at trial on the grounds of

7    relevance, hearsay, and confusion to the jury. (Doc. 186 at 1).  Each motion in limine is addressed

8    below:

9            **1.      Medical records**

10       As a preliminary matter, evidence is relevant where is it "has any tendency to make a fact more

11   or less probable than it would be without the evidence, and [] the fact is of consequence in determining

12   the action." Fed. R. Evid. 401(a) and (b).  However, relevant evidence may be excluded where the

13   Court determines that the probative value of the evidence is "substantially outweighed by a danger of

14   one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

15   wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

16       Nonetheless, Defendants argue that Plaintiff's medical records constitute hearsay.  Hearsay is

17   defined as an out of court statement offered to "prove the truth of the matter asserted." Fed. R. Evid.

18   801(c).  Such statements are inadmissible unless a statement falls within a recognized exception to the

19   hearsay rule. *See e.g.,* Fed. R. Evid. 803.  Statements made within medical records for the purposes of

20   medical diagnosis have been recognized as an exception to the hearsay rule on several grounds. *See*

21   Fed. R. Civ. 803; United States v. Hall, 419 F.3d 980, 987 (9th Cir. 2005) (Statements of a victim to

22   her medical provider that boyfriend caused injuries were made for purpose of medical treatment and

23   thus admissible).

24       Notably, Plaintiff has not disclosed any medical expert to testify as to the causation of his eye

25   condition pursuant to Fed. R. Civ. P. 26(a) who could testify as to the causation of his eye condition,

26   as is required. *See e.g.*, Hermann, 2012 at *3.

27           **2.      Discovery Documents**

28   Defendants object to Plaintiff's use of their responses to Plaintiff's requests for production and

4

interrogatory requests as contained in Exhibits 3, 6, 8, 10, 13, and 15. (Doc. 186).   Defendants primarily complain that these documents are incomplete and contain Plaintiff's handwriting.   This argument fails given that Plaintiff may establish the authenticity of these documents on direct or cross-examination.   By filing only the portion of the discovery documents he believes relevant, Plaintiff has not unduly burdened the Court with unnecessary filings.

Defendants raise no substantive arguments in their objection to the use of their discovery responses.   Rather, they contend that their responses would be improper impeachment tools because "the document was not verified by the Defendant[s]." (Doc 186 at 5).   However, this argument ignores Fed. R. Civ. P. 11, which requires that every pleading must be signed by at least one attorney of record.   By signing each document, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the legal and factual contentions contained in the pleading are true. Fed. R. Civ. P. 11(a) and (b).

By submitting Defendants' responses to Plaintiff's request for production to Plaintiff, the Court presumes that Defense counsel verified their clients' answers with them prior to signing the document.   Thus, it logically follows that Defendants' responses to Plaintiff's requests for production were indeed verified.   Any other conclusion would subject Defense counsel to a Fed. R. Civ. P. 11 violation.

On the other hand, no discovery response will be shown to the jury unless and until all objections stated in the responses have been ruled upon.   Then, if all objections are overruled, only the portion of the substantive response—but not the stated objections—will be shown to the jury.

### 3.        Inmate Grievance Documents

Defendants request the exclusion of Plaintiff's CDCR Form 22, Inmate Requests for an Interview, and Inmate Appeal Log Number KVSP-06-03380 documents.   Defendants argue that these documents are not relevant to the issue of whether Defendants used excessive force against Plaintiff on October 5, 2006. Defendants argue further that the inmate grievances are "remote from the events at issue." Id.

Defendants correctly indicate that the only issue to be decided by the jury is whether Defendants used excessive force on Plaintiff on October 5, 2006.  Plaintiff's inmate grievances solely demonstrate that Plaintiff exhausted his administrative as required by the Prison Litigation Reform

1    Act, which is no longer at issue. Furthermore, his CDCR Form 22, Inmate Request for Interviews,

2    merely show his efforts to resolve certain issues arising after the October 5, 2006 incident, which is

3    not relevant.

4            **4.** **Third-Party Declarations and Letters**

5       Defendants move to exclude Plaintiff's and Dr. Thomas' letters to or from third parties and the

6    declarations of Inmates Glover and Key.  Defendants argue that these statements contain hearsay. Id.

7       A review of the documents indicates that all of these documents contain out-of-court

8    statements.  Plaintiff argues that the investigative employee's report, as contained in Exhibit 7, has

9    been presented to show that Officer Rivera noticed Plaintiff's cuff marks a month after the October 5,

10   2006, incident. (Doc. 199 at 23). Similarly, with regard to Dr. Thomas' letter to Warden Knowles,

11   Plaintiff avers that this letter demonstrates that Plaintiff sustained head trauma. (Doc. 199 at 27).

12   These letters, and others, are a textbook example of a document presented to prove the truth of the

13   matter asserted.  As such, the documents are hearsay.  The Court finds no applicable exceptions to the

14   hearsay rule.

15      Thus, the documents may not be admitted but the people making these statements may testify,

16   not as to the content of the letters, but what they perceived to have occurred.

17           **5.**  **Discovery Correspondence**

18      Defendants object to the use of correspondence concerning discovery matters.  They argue that

19   the discovery correspondence between the parties or between Plaintiff and a third-party is irrelevant. It

20   is apparent that this correspondence merely demonstrates the logistical maneuvering the parties

21   undertook in preparation for trial.  Such documents are irrelevant and beyond the purview of the trier

22   of fact.  Thus, these documents will not be admitted.

23           **6.**  **Use of Pleadings/Orders**

24      Defendants object at length to the use of official court pleadings and docket sheets as contained

25   in Plaintiff's Exhibits Defendants' motion in limine to exclude official court.

26      First, pleadings, while part of the official record in this case, do not bear on the issues for the

27   jury to decide.   For example, Plaintiff argues that the service order contained in Exhibit 8 should be

28   admitted to show that Defendant Garcia eluded service for over two years. Id. at 24.  Whether this is

1    true, this does not assist the jury in concluding whether Garcia subjected Plaintiff to excessive force.

2    Thus, the pleadings are not evidence and according to Fed. R. Evid. 403, they must be excluded.

3          Second, Defendants seek to preclude the use of Plaintiff's prior declarations made to the Court.

4    (Doc. 186 at 6, 12).  Defendants aver that Plaintiff must testify in open Court in order to prove his case

5    and that his sworn statement should only be used for purposes of impeachment.  Indeed, use of such a

6    statement would not permit the jury to judge Plaintiff's credibility and weigh the inferences of his

7    testimony, which is the primary function of the jury. *See e.g.*, Cockrum v. Whitney, 479 F.2d 84, 86

8    (9th Cir. 1973).

9          Third, Defendants contend that the docket sheet from a habeas corpus matter in Fifth Appellate

10   District of the California Court of Appeals, Case Number F055510, is not relevant to the present

11   matter. (Doc. 186 at 6).  However, once again, this document does not bear on the issues left to be

12   decided by the jury.

13         Fourth, Plaintiff presents the docket sheet from Aubert v. Elijah, Case No. 1:07-cv-01629, a 42

14   U.S.C. § 1983 in which Defendant Garcia was previously sued. (Doc. 151 at 148-155).  Plaintiff

15   argues that the jury should see evidence that Defendant Garcia was previously sued over the excessive

16   use of force, because the jury could infer "bad motive, [and/or] intent…to abuse prisoners." (Doc. 199

17   at 34).  Such character evidence serves nothing more than to imply that Defendant Garcia acted in a

18   similar manner on October 5, 2006, and is improper under Fed. R. Evid. 404(a).  Thus, these

19   documents will not be admitted to prove Garcia used excessive force on October 5, 2006.[2]

20         **8.       Legal Treatises**

21         Defendants object to the § 1983 legal treatise concerning the excessive use of force contained

22   in Exhibit 18. (Doc. 186 at 12; Doc. 151 at 170-174).  However, Plaintiff seemingly attached this legal

23   treatise to his pretrial statement as the "[j]ury [i]nstructions he'll put in Exhibit R [to] be used in his

24   [j]ury [t]rial." (Doc. 151 at 28).  Thus, it does not appear Plaintiff intends to admit these documents.

25

26

_____

27   [2]The Court may "judicially notice a fact that is not subject to reasonable dispute," Fed. R. Evid. 201(b), such as
     the existence of state court records or of filings in another case. *See e.g,* Biggs v. Terhune, 334 F.3d 910, 916 n. 3 (9th Cir.
     2003); Copple v. Astrella & Rice, P.C., 442 F. Supp. 2d 829, 835 (N.D. Cal. 2006) *aff'd sub nom.* Copple v. Astrella &

28   Rice, PC, 281 F. App'x 675 (9th Cir. 2008).  Plaintiff may request that the Court take judicial of certain court proceedings
     at trial, provided that he provide the proper notice set forth in Fed. R. Evid. 201.

1  In any event, legal treatises, statutes, regulations and the like are not admissible.

2                            **i.      Exhibit 1**[3]

3          Defendants request preclusion of Plaintiff's medical records into evidence, as contained in

4  Exhibit 1.  Defendants assert that these documents should be precluded as they contain hearsay and

5  that Plaintiff will be unable to lay a foundation for their admission into evidence given the absence of

6  a medical expert.

7          Plaintiff seeks recompense for the injuries arising from the October 5, 2006.  The medical

8  records contained in Exhibit 1 pertain to his injuries which he claims arose from the October 5, 2006,

9  incident.[4] (Doc. 151 at 29-31).  As such, Plaintiff's medical records have the tendency to make the

10  existence of his injuries arising from the October 5, 2006, incident more probable. Thus, his medical

11  records are relevant.     However, clearly, they contain inadmissible hearsay statements.  As to the first

12  page of Exhibit 1, the document contains the signature of "M. Hankins LVN," who was Plaintiff's

13  treating nurse on October 5, 2013. (Doc. 151 at 30).  Plaintiff and Defendants also disclosed M.

14  Hankins as a witness.[5]  To the extent that M. Hankins testifies to Plaintiff's diagnosis and treatment,

15  Exhibit 1 may be utilized in that testimony.  In addition, the document contains statements made by

16  Plaintiff to a medical provider regarding to the cause of his injuries.  Likewise, depending upon how

17  the trial proceeds, this statement may be admitted as a prior consistent statement but <u>only if</u>

18  Defendants admit evidence that Plaintiff made an inconsistent statement as to the cause of his injury.

19  Finally, In addition, before the documents may be admitted, there must be an adequate foundation is

20  laid.

21          Likewise, the second page of Exhibit 1 contains notes of a visit to the clinic in which Plaintiff

22  _____

23          [3] In his pretrial statement (Doc. 151), Plaintiff designates his exhibits by an alphabetical symbol.  However, in
compliance with the Court's pretrial order (Doc. 170), Defendants have designated each exhibit by its corresponding
number, for example, Plaintiff's Exhibit A corresponds with Exhibit 1.  Hereinafter in this matter, Plaintiff's Exhibits

24  **SHALL** be referred to by their numerical rather than their alphabetical designation.
          [4] Plaintiff seems to take the position that the Court admitted all of the medical records at the pretrial conference.

25  To the contrary, the parties agreed that the records were authentic without need for an authenticating witness.  No other
objections to the records were offered or considered at that time.  Thus, the admissibility of the documents depends upon

26  whether an adequate foundational showing is made and whether other objections exist.
          [5]In making this finding, the Court presumes that M. Hankins' testimony will be limited to M. Hankins'

27  "observations, diagnosis and treatment of a patient, about what he saw and did and why he did it." <u>Hermann v. Hartford
Cas. Ins. Co.</u>, No. 11-CV-03188-REB-MEH, 2012 WL 5569769, at *3 (D. Colo. Nov. 15, 2012).  As such, no Fed. R. Civ.

28  P. 26(a)(2)(B) report is not necessary. <u>Hermann</u>, 2012 WL, at *3.  However, Defendants may renew their objection to the
use of Exhibit 1 at trial should the proper grounds present themselves.

1  was demanding prescription ointment for an abrasion.   The nurse—whose name is illegible—

2  consulted with the doctor and then told Plaintiff the ointment was unneeded and an argument ensured.

3  During this exchange, Plaintiff made a statement that the officers had thrown him on the ground.  This

4  also is a prior consistent statement.  Thus, <u>only</u> the statement may be admitted as a prior consistent

5  statement but <u>only if</u> Defendants admit evidence that Plaintiff made an inconsistent statement as to the

6  cause of his injury. Finally, before the documents may be admitted, there must be an adequate

7  foundation is laid.

8         Therefore, Defendants' motion regarding Exhibit 1 is **GRANTED** in part.  The first page may

9  be admitted if M. Hankins testifies. If she does not, <u>only</u> Plaintiff's statement made as to the cause of

10  his injury may be admitted as a prior consistent statement but <u>only if</u> Defendants present evidence

11  Plaintiff may an inconsistent statement regarding the cause of his injury. In addition, before the

12  documents may be admitted, there must be an adequate foundation is laid.

**ii.        Exhibit 2**

14         Page 1 is a notice of lodging filed by Defendants related to a prior motion.  As noted above,

15  this pleading has no tendency to prove any issue pertinent to this case and it will not be admitted.

16  Pages 2 through 4 is a letter from counsel to Plaintiff regarding discovery issues.  This letter is not

17  relevant to the issues for the jury and it will not be admitted.  Thus, Defendants' motion as to Exhibit 2

18  is **GRANTED**.

**iii.        Exhibit 3**

20         Pages 1-2 make up a request by Plaintiff seeking a review of his prison file.  These pages are

21  not relevant to the issue for the jury and will not be admitted.  Thus, as to these pages the motion is

22  **GRANTED**.

23         Pages 4-7 through seven are pages from a document request propounded on Bonilla and

24  contain counsel's objections and other responses to the document request.  At this time, the Court

25  cannot determine the admissibility of the documents.  However, the motion to exclude them for the

26  reasons asserted by Defendants—that they are not verified, the document is incomplete, it fails to have

27  the documents produced attached—is **DENIED**.  On the other hand, no discovery response will be

28  shown to the jury unless and until all objections stated in the responses have been ruled upon.  Then, if

1    all objections are overruled, only the portion of the substantive response—but not the stated

2    objections—will be shown to the jury.

3        Defendants object to the use of non-party correctional officers' reports relating to the incident

4    on October 5, 2006, as contained in Exhibit 3, pages 8-10. (Doc. 186 at 5).  Defendants contend that

5    these pages are irrelevant and contain multiple levels of hearsay. Id.  The Court notes that these pages

6    directly pertain to the use of force during the October 5, 2006 incident and are thus relevant.

7    However, they contain out-of-court statements.  The Court presumes that Plaintiff would introduce

8    these documents to argue the truth of the statements contained in the document.  Thus, the documents

9    are hearsay.

10       The Court has reviewed these documents and finds that no hearsay exception has been claimed

11   that would permit the use of the document (page 8) created by Officer Scott. (Doc. 151 at 45).

12   Specifically, neither Plaintiff nor the Defendants have disclosed Officer Scott as witness at trial.  (Doc.

13   170 at 5).  Thus, the document generated by Officer Scott will not be admitted and the motion as to

14   this report is **GRANTED**.

15       However, Defendants have disclosed Officer Loscano a witness. (Doc. 170 at 5 ¶ ii(5)).

16   Should Defendants call Officer Loscano to testify, the documents (pages 9-10) may be admissible

17   under an exception to the hearsay rule on cross-examination. *See* Fed. R. Evid. 803.  Similarly,

18   Plaintiff may elect to use the document for purposes of impeachment.

19       Therefore, Defendants' motion in limine to exclude the report of Officer Scott as contained in

20   Exhibit 3 is **GRANTED.**  However, Defendants' motion in limine to exclude the report of Officer

21   Loscano is **DENIED without prejudice.**

22              iv.    Exhibit 4

23       As to pages 1-5 and pages 13-26 of Exhibit 4, Plaintiff may not proceed at trial by submitting

24   written statements but, instead, must testify before the jury and must be available for cross-

25   examination.  Use of such statements would not permit the jury to judge Plaintiff's credibility and

26   weigh the inferences of his testimony, which is the primary function of the jury. *See e.g.*, Cockrum v.

27   Whitney, 479 F.2d 84, 86 (9th Cir. 1973).  Thus, pages 1-4 of Exhibit 4 will not be admitted, except

28   for impeachment. Pages 6-9 are the responses to Plaintiff's grievances.  These documents are hearsay,

1    and no hearsay exception has been claimed, and are not pertinent to whether Defendants used

2    excessive force on the date in question and will not be admitted.  Finally, pages 10-12, the docket in

3    Plaintiff's state court habeas proceeding, will not be admitted for the reasons set forth above.  Thus,

4    the motion as to Exhibit 4 is **GRANTED**.

5                                            **v.        Exhibit 5**

6            Exhibit 5 is made up of correspondence to Plaintiff from various state officials.  The

7    documents are hearsay and no hearsay exception has been claimed and they are not relevant to the

8    issues at hand.  Thus, the motion as to Exhibit 5 is **GRANTED**.

9                                            **vi.       Exhibit 6**

10           Page 1 of Exhibit 6 is a treatment note from an ophthalmology visit.  Once again, Plaintiff has

11   not designated a medical expert on this topic and the information regarding the opinions and

12   observations of the doctor are hearsay and may not be admitted without a testifying doctor.  Plaintiff

13   avers that "[he] and his mother should be able to testify…as she had a near fatal car accident and is a

14   medical doctor [and] knows that things can happen years late from head trauma." (Doc. 199 at 22).

15   However, this is insufficient grounds to qualify Plaintiff or his mother as an expert pursuant to Fed. R.

16   Civ. P 26(a).  Thus, the document may be used to cross-examine a medical expert but there seems to

17   be no exception to the hearsay rule, and no hearsay exception has been claimed, which would allow

18   introduction of the medical records. Thus, page 1 will not be admitted.

19           Pages 2-8 are pages from a document requests propounded on Defendants and contain

20   counsel's objections and other responses to the document request.  At this time, the Court cannot

21   determine the admissibility of the documents.  However, the motion to exclude them for the reasons

22   asserted by Defendants—that they are not verified, the document is incomplete, it fails to have the

23   documents produced attached—is **DENIED**.  On the other hand, no discovery response will be shown

24   to the jury unless and until all objections stated in the responses have been ruled upon.  Then, if all

25   objections are overruled, only the portion of the substantive response—but not the stated objections—

26   will be shown to the jury.

27           Thus, the motion as to Exhibit 6 is **GRANTED** as to page 1.  Whether the remaining pages

28   will be admitted cannot be determined at this time and, therefore, the motion as to these pages is

1    **DENIED without prejudice.**

2                          **vii.**       **Exhibit 7**

3            Defendants object to the use of page 1 because it is not the complete RVR issued to Plaintiff as

4    a result of the incident at issue.  Defendants indicate they have identified the complete RVR as an

5    exhibit and suggest it be marked as a joint exhibit.  Thus, the Court will allow the complete RVR to be

6    marked as a joint exhibit and the parties may use that new exhibit.

7            Pages 2-3 are declarations of two inmates.  These documents may be used for impeachment

8    purposes only and may not be admitted.  Notably, inmate Glover has not been identified as a witness

9    but inmate Key is schedule to testify.  At that time, Mr. Key can tell the jury what he saw occur.

10           Pages 4-6 is a report of an investigator indicating what inmate Moore said occurred.  Once

11   again, the document may not be admitted except for impeachment but Mr. Moore may testify as to

12   what he saw happen.  Therefore, the motion is **GRANTED**.

13                         **viii.**     **Exhibit 8**

14           Page 1-2 of Exhibit 8 is an order related to service of the complaint on Defendant Garcia.

15   Because this document fails to shed any light upon whether he or Bonilla used excessive for on

16   October 5, 2006, the order will not be admitted.

17           Pages 3-7 is the response by Garcia to interrogatories. Defendants object that the document is

18   incomplete (though how so, is not explained) were not verified (though why not, is not explained) and

19   they have been written on by Plaintiff.  Defendants concede the document may be used for

20   impeachment purposes.  At this time, the Court cannot determine the admissibility of the documents.

21   However, the motion to exclude them for the reasons asserted by Defendants is **DENIED**. On the

22   other hand, no discovery response will be shown to the jury unless and until all objections stated in the

23   responses have been ruled upon.  Then, if all objections are overruled, only the portion of the

24   substantive response—but not the stated objections—will be shown to the jury.

25           Thus, the motion as to Exhibit 8 is **GRANTED** as to pages 1-2.  Whether the remaining pages

26   will be admitted cannot be determined at this time and, therefore, the motion as to these pages is

27   **DENIED without prejudice.**

28   *///*

### ix.    Exhibit 9

Pages 1-3 is Plaintiff's motion to compel discovery.  This document is irrelevant to the issues at hand and will not be admitted.

Page 4 is a letter to Plaintiff's mother explaining why he was placed in the SHU.  It does not bear on whether Plaintiff was subjected to excessive force on October 5, 2006 and it will not be admitted. Therefore, the motion is **GRANTED**.

### x.    Exhibit 10

Page 1 is a letter from Plaintiff's mother to the Warden at KVSP in which she requests specific medical treatment for Plaintiff.  This document fails to shed any light on whether Plaintiff suffered excessive force on October 5, 2006 and will not be admitted.  Notably, whether Plaintiff received sufficient medical care as a result of the incident is not at issue.

Pages 2-6 is Garcia's response to a document production request. At this time, the Court cannot determine the admissibility of the documents.  However, the motion to exclude them for the reasons asserted by Defendants—that they are not verified, Plaintiff has inserted underlining on the document which, they claim, inexplicably, is hearsay document is incomplete, and it fails to have the documents produced attached—is **DENIED**.

Pages 7-9 are medical records.  These documents contain hearsay, and no hearsay exception has been claimed, and they require testimony by a medical expert in order to be admitted.  Plaintiff has not identified a medical expert for testimony.  Thus, these documents will not be admitted unless there is an adequate foundation laid and these other issues can be overcome. However, because the Court cannot determine at this time whether the documents can be admitted, the motion is **DENIED** without prejudice.

On the other hand, no discovery response will be shown to the jury unless and until all objections stated in the responses have been ruled upon.  Then, if all objections are overruled, only the portion of the substantive response—but not the stated objections—will be shown to the jury.

Thus, the motion as to Exhibit 10 is **GRANTED** as to page 1.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice.**

#### xi.      Exhibit 11

Exhibit 11 contains two treatment notes from an ophthalmology visit.  Once again, Plaintiff has not designated a medical expert on this topic and the information regarding the opinions and observations of the doctor are hearsay, and no hearsay exception has been claimed, and may not be admitted without a testifying doctor.  Thus, page 1 will not be admitted.  Thus, the motion as to Exhibit 11 is **GRANTED**.

#### xii.      Exhibit 12

Page 1 is a page of points and authorities filed by defendants related to their dispositive motion.  This document contains argument of counsel and is not evidence.  Thus, it will not be admitted.

Pages 2-3 are the medical reports prepared for Defendants after the incident on October 5, 2006. The issue at hand is whether Defendants used force on Plaintiff, but the converse is not true. Thus, Defendants' medical condition has no bearing on the elements of Plaintiff's claim.

Thus, the motion as to Exhibit 12 is **GRANTED.**

#### xiii.      Exhibit 13

Pages 1-2 and 5-7 are portions of interrogatory responses by Garcia.  Defendants object to these documents being admitted because they are incomplete, contain underlining and hearsay. At this time, the Court cannot determine the admissibility of the documents.  However, the motion to exclude them for the reasons asserted by Defendants—that they are not verified, the document is incomplete, it fails to have the documents produced attached—is **DENIED**.  On the other hand, no discovery response will be shown to the jury unless and until all objections stated in the responses have been ruled upon.  Then, if all objections are overruled, only the portion of the substantive response—but not the stated objections—will be shown to the jury.

Pages 3-4 are the requests for admission propounded by Plaintiff to Defendants.  The requests are not relevant to any of the issues for the jury.  Thus, they will not be admitted.

Thus, the motion as to Exhibit 13 is **GRANTED** as to pages 3-4.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice.**

### xiv.     Exhibit 14

This exhibit contains two orders issued by the Court.  These documents are not relevant to the issue of whether Defendants used excessive force and will not be admitted.  Thus, the motion as to Exhibit 14 is **GRANTED**.

### xv.     Exhibit 15

Page 1 is a letter from counsel to Plaintiff.  It is not relevant and will not be admitted.  Pages 2-14 are the complaint and docket filed in another case in which Garcia is a defendant.  For the reasons set forth above, they are not relevant and will not be admitted.

Pages 15-18 are various privilege logs submitted by Defendants in discovery. The purpose of such a privilege log is to establish a basis for the withholding of certain documents which would otherwise be responsive pursuant to Fed. R. Civ. P. 33 and 34. *See e.g.*, United States v. Union Pac. R. Co., CIV06-1740FCDKJM, Case No. 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007).   The documents are not relevant to the issues to be decided by the jury and, therefore, will not be admitted.

Pages 19-21 are portions of responses by Bonilla to interrogatories. Defendants object to these documents being admitted because they are incomplete, contain underlining and hearsay. At this time, the Court cannot determine the admissibility of the documents.  However, the motion to exclude them for the reasons asserted by Defendants—that they are not verified, the document is incomplete, it fails to have the documents produced attached—is **DENIED**.  On the other hand, no discovery response will be shown to the jury unless and until all objections stated in the responses have been ruled upon. Then, if all objections are overruled, only the portion of the substantive response—but not the stated objections—will be shown to the jury.

Thus, the motion as to Exhibit 15 is **GRANTED** as to pages 1-18.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice.**

### xvi.     Exhibit 16

This exhibit is a portion of Bonilla opposition to Plaintiff's motion for summary judgment. These documents are not relevant to the issue of whether Defendants used excessive force and will not be admitted.  Thus, the motion as to Exhibit 16 is **GRANTED**.

###### xvii.    Exhibit 17

Page 1 is a declaration by Plaintiff and page 2 is a statement Plaintiff made in a request for an inmate interview.  For the reasons set forth above, these documents will not be admitted and may be used only for impeachment purposes. Thus, the motion as to Exhibit 17 is **GRANTED**.

###### xviii.   Exhibit 18

Pages 1-4 seem to be a portion of a legal treatise.  This document is not relevant and is an improper attempt to instruct the jury on the law.  For the reasons set forth above, they will not be admitted.

Page 5 is a letter from the court reporter provided Plaintiff his transcript for review.  It is not relevant to the issues at hand and will not be admitted.

Thus, the motion as to Exhibit 18 is **GRANTED**.

### 10.    Motion in Limine #2 – Limiting Plaintiff's Testimony (Doc. 187)

Defendants seek to preclude Plaintiff from offering medical opinion evidence regarding the nature and extent of his injuries. (Doc. 187 at 2).  Specifically, Defendants argue that the Court should preclude Plaintiff from testifying to any "diagnosis, opinions, inferences, or causation" or "from offering any opinions or inferences from any medical records." Id.  Defendants concede that Plaintiff may testify to what he experienced on October 5, 2006. Id.

A person is permitted to testify as to "scientific, technical or other specialized" information if the witness is "qualified as an expert by knowledge, skill, experience, training or education" and the testimony is based upon sufficient facts or data, the testimony is based upon reliable analysis and the witness applies this reliable analysis to the data.  Fed. R. Evid. 702.  However, an individual lacking such qualifications may only testify as to opinions "rationally based on the witness's perception" that is not based on specialized knowledge.  Fed. R. Evid. 701.

Plaintiff argues that he should be able to say "how he felt his medical injuries should've been handled…or how they were handled." (Doc. 200 at 1-2).  He further argues that he should be able to testify as to what he heard concerning his "diagnosis, inference [and/or] causation" concerning his injuries. Id. at 3-4.  However, Plaintiff fails to demonstrate that he possesses that Plaintiff has any medical expertise.  Thus, Plaintiff will not be permitted to offer any medical opinion or to report what

16

1   any medical professionals told him about his condition.

2        Nonetheless, Plaintiff may testify about his own perceptions of what he felt when the injury

3   occurred and how it feels now, how his physical condition impacts his life, the treatment he observed

4   that he received (i.e., the wound was bandaged, cleaned, x-rayed, etc., <u>but not</u> the results of any

5   medical tests or procedures) and as to any other information that is within his own personal knowledge

6   based upon his own perceptions. Likewise, if relevant, he may cross-examine any testifying medical

7   expert about Plaintiff's condition but he is not personally permitted to testify as to any scientific

8   conclusions regarding his medical condition. In all other respects, Defendants' motion in limine #2 is

9   **GRANTED**.

10         **B.**   **Motion in Limine #3 – Exclusion of Plaintiff's Medical Expert**

11        Defendants request that the Court exclude Dr. Evelyan Thomas as a medical expert for trial,

12   pursuant to Fed. R. Civ. P. 702. (Doc. 188 at 1-2). Previously, Plaintiff indicated that he will not

13   present Dr. Thomas as an expert. (Doc. 183). Plaintiff indicated in his Objections to the Pretrial Order

14   (Doc. 183) that Dr. Thomas would only testify to what she perceived and would not offer any expert

15   testimony. <u>Id</u>. The Court thus limited Dr. Thomas' testimony and held that she may only testify to

16   what she perceived. (Doc. 190 at 2). The Court expressly stated that Dr. Thomas will not be permitted

17   to offer any expert medical testimony. <u>Id</u>.

18        In his response to Defendants' motion in limine, Plaintiff seems to argue that his mother should

19   be able to testify as to the course of Plaintiff's medical treatment arising out of October 5, 2006. *See*

20   (Doc. 201). The Court will not reconsider its prior Order, (Doc. 190), and reiterates that Dr. Thomas'

21   testimony is strictly limited to what she perceived. Therefore, Motion in Limine #3 is **DENIED as**

22   **moot**.

23                               **ORDER**

24        Accordingly, and for the foregoing reasons, the Court HEREBY ORDERS that:

25     1.  Plaintiff's motion in limine (Doc. 135) is **DENIED;**

26     2.  Defendants' motion in limine (Doc. 186) to exclude certain trial exhibits is **GRANTED IN**

27        **PART** as follows:

28          a.  Defendants' motion regarding Exhibit 1 is **GRANTED** in part. The first page may

be admitted if M. Hankins testifies. If she does not, <u>only</u> Plaintiff's statement made as to the cause of his injury may be admitted as a prior consistent statement but <u>only if</u> Defendants present evidence Plaintiff may an inconsistent statement regarding the cause of his injury. In addition, before the documents may be admitted, there must be an adequate foundation is laid.

b.  Defendants' motion as to Exhibit 2 is **GRANTED**.

c.  Defendants' motion as pages 1-3 and 8 of Exhibit 3 is **GRANTED.**  However, Defendants' motion in limine to exclude the report of Officer Loscano (pages 9-10) is **DENIED without prejudice.**   Whether pages 4-7 will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice.**

d.  Defendants' motion as to Exhibit 4 is **GRANTED**;

e.  Defendants' motion as to Exhibit 5 is **GRANTED**;

f.  Defendants' motion as to Exhibit 6 is **GRANTED** as to page 1.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice;**

g.  Defendants' motion as to Exhibit 7 is **GRANTED**;

h.  Defendants' motion as to Exhibit 8 is **GRANTED** as to pages 1-2.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice;**

i.  Defendants' motion as to Exhibit 9 is **GRANTED**;

j.  Defendants' motion as to Exhibit 10 is **GRANTED** as to page 1.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore, the motion as to these pages is **DENIED without prejudice;**

k.  Defendants' motion as to Exhibit 11 is **GRANTED;**

l.  Defendants' motion as to Exhibit 12 is **GRANTED;**

m. Defendants' motion as to Exhibit 13 is **GRANTED** as to pages 3-4.  Whether the remaining pages will be admitted cannot be determined at this time and, therefore,

1   the motion as to these pages is **DENIED without prejudice;**

2   n.  Defendants' motion as to Exhibit 14 is **GRANTED;**

3   o.  Defendants' motion as to Exhibit 15 is **GRANTED** as to pages 1-18.  Whether the

4   remaining pages will be admitted cannot be determined at this time and, therefore,

5   the motion as to these pages is **DENIED without prejudice;**

6   p.  Defendants' motion as to Exhibit 16 is **GRANTED;**

7   q.  Defendants' motion as to Exhibit 17 is **GRANTED**;

8   r.  Defendants' motion as to Exhibit 18 is **GRANTED**;

9   3.  Defendants' motion in limine to limit Plaintiff's testimony (Doc. 187) is **GRANTED;**

10  4.  Defendants' motion in limine to exclude Plaintiff's medical expert (Doc. 188) is **DENIED**

11  **as moot;** and

12  5.  Plaintiff's motion for extension of time to file an opposition to Defendants' motion in

13  limine (Doc. 202) is **GRANTED.**

14

15  IT IS SO ORDERED.

16  Dated:   **July 17, 2013**            **/s/ Jennifer L. Thurston**

17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28