UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GARCIA, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-0689 – JLT (PC)<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>(Doc. 206) |

Plaintiff Jean-Pierre K. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Defendants' request for reconsideration of the writ of habeas corpus ad testificandum for Inmate Damion Moore. (Doc. 206). Defendants report that Inmate Moore "does not have any relevant testimony and is refusing to attend the trial." (Doc. 206).  Further, Defense counsel indicates that in her conversation with Inmate Moore, he stated that he would "plead the fifth," "not say anything in Court," and suggested that it would "save a lot of money if he did not have to go [to trial]." Id. at 2.

According to Plaintiff, Moore was present at the time of the October 5, 2006 altercation and was an eye-witness to the event.  While Moore has expressed his unwillingness to testify, he has not yet declared his position under oath before the Court.  Moreover, in his letter to the Court, filed on June 27, 2013, Mr. Moore reports that, in his view, the only information he has is "hearsay."  (Doc. 184) However, exactly what this hearsay evidence is or what Mr. Moore's understanding is of the

1

hearsay rule, isn't explained.  Clearly, statements made by others may, very well, be inadmissible as hearsay unless, for example, they were made by the defendants.  On the information provided, the Court cannot determine whether Mr. Moore lacks the ability to provide relevant, admissible testimony.  The interests of justice, therefore, require that Plaintiff be provided an opportunity to examine Moore.

On the other hand, the Court is aware that the CDCR cannot physically force an inmate to appear at court proceedings and if he refuses to appear, despite the Court's order, the Court will deal with that situation at the appropriate time.

Accordingly, the Court **DENIES** Defendants' request for reconsideration of the writ of habeas corpus ad testificandum for Inmate Moore. (Doc. 206).

IT IS SO ORDERED.

Dated:   **July 19, 2013**                             **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE