UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-PIERRE K. THOMAS,<br><br>       Plaintiff,<br><br>   v.<br><br>M.P. GARCIA,<br><br>       Defendant. | ) Case No.: 1:08-cv-00689 – JLT (PC)<br>)<br>) ORDER CONSTRUING MICHAEL KEY, JR'S<br>) LETTER AS A REQUEST FOR RELIEF<br>)<br>) ORDER DENYING KEY'S REQUEST FOR<br>) RELIEF<br>)<br>) (Doc. 226)<br>)<br>)<br>)<br>) |

A jury trial was held in this matter between July 23 and 25, 2013, in the U.S. District Court in Bakersfield, California. Inmate Michael Key, Jr., appeared and testified on Plaintiff's behalf on July 23, 2013, pursuant to the Court's Order and writ of habeas corpus ad testificandum. (Docs. 166 and 213).

Presently, inmate Key, a nonparty witness, seeks relief from the "constant harassment from correction officers (sic)" generated by his appearance at this trial. (Doc. 226 at 1). Key reports that Corcoran prison personnel are "wrongly subjecting (sic) [him] [to] Corcoran's Administrative [Segregation] unit." Id. He requests that the Court order the CDCR to return him to CSP-Sacramento. Id.

Fed. R. Civ. P. 20(a) permits third parties to join as a plaintiff in a matter if: "(A) they assert

any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." According to the Ninth Circuit, Fed. R. Civ. P. 20 must be interpreted liberally to avoid multiple lawsuits. League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). However, where the two elements present in Fed. R. Civ. P. 20(a) are lacking, a district court may require severance of a would-be plaintiff. Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) ("joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance.")

Key appears to request relief in a matter to which he is not a party. His claim of retaliation bears no relation to Plaintiff's claim arising from an alleged excessive use of force on October 6, 2006 and bears no common question of law or fact to Plaintiff Eighth Amendment claim. Moreover, the Court lacks any jurisdiction to address the relief requested. Though the Court does not condone retaliation against a witness, the Court does not control the CDCR's decision as to where an inmate is housed and has no authority to require that agency to take any particular action.

Accordingly, Key's request for relief (Doc. 226) is **DENIED.**

IT IS SO ORDERED.

Dated:   **August 5, 2013**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE